FILED

2022 Aug-29  AM 11:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

**MITCHELL LEE ODOM,**  )
)
    **Plaintiff,**  )
)
**V.**  )
)
)
**JONATHAN ROSS DESSELLE, an**  )
**Individual, BIG LEVEL TRUCKING,**  )
**INC., a foreign corporation, et al.**  )
)
    **Defendants.**  )

---

## NOTICE OF REMOVAL

---

COME NOW Jonathan Ross Desselle and Big Level Trucking Inc. (Hereinafter "Defendants"), and file this Notice of Removal of this matter from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of said removal, Defendants show unto the Court as follows:

### BRIEF STATEMENT OF FACTS

1.    On June 10, 2022, this action was commenced by Plaintiff Mitchell Lee Odom with the filing of a Complaint in the Circuit Court of Jefferson County,

Alabama, styled <u>Mitchell Lee Odom V. Jonathan Ross Desselle, et al</u>, and bearing Civil Action Number CV-2022-901692.  According to the Complaint, Plaintiff's claims arise out of a motor vehicle accident involving a vehicle driven by Plaintiff and an eighteen-wheeler operated by Jonathan Ross Desselle and allegedly owned by Big Level Trucking, Inc.  A copy of all filings in the state court action are attached collectively hereto as "Exhibit A."

2.      Upon information and belief, Plaintiff, Mitchell Lee Odom, at the time of commencement of this action, and since that time, was and is a citizen and resident of the State of Alabama. (Pl. Compl. at ¶1).

2.      The Complaint names Jonathan Ross Desselle and Big Level Trucking Inc. as party defendants. (Pl. Compl. ¶¶ 2 – 3).  The style of the Complaint also names fictitious parties or entities that Plaintiff claims are or may be liable to him for his claimed injuries.

3.      The Complaint alleges that Defendant, Jonathan Ross Desselle is a resident and citizen of the State of Louisiana.  (Pl. Compl. ¶ 2).

4.      The Complaint further alleges that Defendant, Big Level Trucking Inc. is a foreign corporation doing business in the state of Alabama and requests that it be served at its principal place of business in Mississippi. (Pl. Compl. Page 14). Indeed, Defendant Big Level Trucking, Inc. is a corporation formed under the laws of the State of Mississippi (Articles of Incorporation attached hereto as "Exhibit B")

with its principal place of business in Mississippi (2021 Corporate Annual Report, attached hereto as "Exhibit C").

5.     Plaintiff claims injuries and damages arising out of a June 25, 2020 motor vehicle accident in Birmingham, Alabama. (Pl. Compl. ¶ 8).  The Complaint includes allegations of negligence; negligent/wanton entrustment; negligent/wanton maintenance, operation, service and/or repair; *respondeat superior*; and negligent supervision, hiring, and maintenance. (Pl. Compl. ¶¶ 13 – 42).  Plaintiff's Complaint lists the following injuries and damages that he allegedly suffered:

> A.     Plaintiff MITCHELL LEE ODOM suffered bodily injuries to his body including, but not limited to his back, shoulder and neck;
>
> B.     Plaintiff MITCHELL LEE ODOM was caused to suffer injuries that were and are attended by great physical pain and suffering and are reasonably likely to suffer physical pain and suffering in the future.
>
> B.     Plaintiff MITCHELL LEE ODOM was caused and will be caused in the future to incur medical expenses;
>
> C.     Plaintiff MITCHELL LEE ODOM suffered permanent injuries;
>
> D.     Plaintiff MITCHELL LEE ODOM suffered mental anguish and emotional distress and are reasonably likely to suffer mental anguish and emotional distress in the future;
>
> E.     Plaintiff MITCHELL LEE ODOM suffered past, present and future losses to his property, which was damaged, torn, twisted and diminished in value.

(Pl. Compl. at ¶ 20).

7.     The Complaint does not seek a sum certain, but it prays for "judgment against the defendants jointly and severally … compensatory and punitive damages in an amount to be assessed by the trier of fact." (Pl. Compl. *ad damnum* clause)

8.     Service was perfected on Big Level Trucking Inc. on June 24, 2022. (Service Return, "Ex. A" at P. 43-44). Acceptance of Service on behalf of Defendant Jonathan Ross Desselle was filed by the undersigned on August 26, 2022. (Acceptance of Service, "Ex. A" at P. 60-61)

9.     Defendants have provided a copy of this Notice of Removal to all adverse parties and to the Clerk of the Circuit Court of Jefferson County, Alabama in accordance with 28 U.S.C. § 1446(d).

10.     This Notice is being timely filed with this Court within thirty (30) days of service of the last removing defendant. 28 U.S.C. § 1446(b).

## ARGUMENT

## I.     COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.

This Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. § 1332, because the suit is between citizens of different states.  Plaintiff is a resident citizen of Alabama, while Defendants are resident citizens of Louisiana and Mississippi.

Although Ala. R. Civ. P. 9(h) allows a plaintiff ignorant of the true name of an opposing party to designate that party by a fictitious name, 28 U.S.C. § 1441(a) forbids considering the citizenship of fictitious parties in determining the existence of diversity.  It states in pertinent part: "[f]or purposes of removal under this chapter [28 USCS §§ 1441 et seq.], the citizenship of defendants sued under fictitious names shall be disregarded."[1]  Therefore, only the citizenship of the named parties are to be considered in determining diversity of citizenship.

Plaintiff may cite to Brown v. TranSouth Fin. Corp., 897 F.  Supp. 1398 (M.D. Ala. 1995) for the proposition that, where a plaintiff alleges a cause of action against a fictitious defendant, giving a definite clue as to the identity of that fictitious defendant by specifically referring to an individual acting as a company's agent, the court should consider the citizenship of that fictitious defendant in determining diversity jurisdiction.  However, Brown, as well as other oft-cited cases such as Marshall v. CSX Transp. Co., 916 F. Supp. 1150 (M.D. Ala. 1995) (De Ment, J.), Tompkins v. Lowe's Home Center, Inc., 847 F. Supp. 462, 464 (E.D. La. 1994), Green v. Mutual of Omaha, 550 F. Supp. 815, 818 (M.D. Cal. 1982) and Wright v. Sterling Investors Life Ins. Co., 747 F. Supp. 653, 655 (N.D. Ala. 1990) are inapplicable to the case at bar, insofar as same either involve cases in which the

---

[1] "This language was added in 1988 under the Judicial Improvements and Access to Justice Act, in order to curtail the practice of naming fictitious defendants merely to destroy diversity."  Howell v. Circuit City, 330 F. Supp. 2d 1314, 1317 (M.D. Ala. 2004).

Plaintiff was seeking to add a resident defendant by amendment (<u>Marshall</u>, <u>Brown</u>, <u>Wright</u>), or predate the 1988 amendment to the Judicial Improvements and Access to Justice Act (<u>Green</u>), or incorrectly rely on pre-1988 law (<u>Tompkins</u>).  *See* <u>Howell v. Circuit City</u>, 330 F. Supp. 2d 1314, 1317-1318 (M.D. Ala. 2004).

Here, the named parties are an individual residing in Louisiana and a corporation formed and headquartered[2] in Mississippi. Accordingly, the parties are presently completely diverse, thereby fulfilling the requirement of 28 U.S.C. § 1332. If and when Plaintiff seeks to amend his Complaint to name the true identity of the fictitious party(ies), the question of whether he should be allowed to do so would be ripe for determination; for now, diversity of citizenship clearly exists.

## II.    THE AMOUNT IN CONTROVERSY MORE LIKELY THAN NOT EXCEEDS THE $75,000.00 JURISDICTIONAL THRESHOLD.

Plaintiff does not demand a specific amount in his Complaint. (*See* Pl. Compl. generally) Removal of a state court case, in which the complaint does not specify the amount of damages sought, on the basis of diversity jurisdiction is proper if it is "facially apparent" from the complaint that the amount in controversy exceeds the jurisdictional threshold. <u>Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1319-20 (11th Cir. 2001).  Indeed, "a defendant's notice of removal need include only a plausible

---

[2] For purposes of diversity jurisdiction – and hence removal – a corporation is a citizen of the state where its "nerve center" is located. <u>Hertz Corp. v. Friend</u>, 559 U.S. 77 (2010). A corporations' "nerve center" is where its leading officers direct, control, and coordinate its activities. <u>Id</u>. The entirety of Big Level Trucking Inc.'s leadership and operations are centered in Wiggins, Mississippi.  ("Ex. B"; "Ex. C").

allegation that the amount in controversy exceeds the jurisdictional threshold." <u>Dart</u> <u>Cherokee Basin Operating Co. v. Owens</u>, <mark>135 S. Ct. 547, 554</mark> (2014).   Section 1446(c)(2)(B) only requires evidence establishing the amount in controversy when the plaintiff contests, or the court questions, the defendant's allegation. <u>Id</u>.

The removing defendants point to plaintiff's counsel's demand letter dated November 22, 2021. (Exhibit D). In that demand letter, plaintiff's current counsel outlines the nature of the plaintiff's claims and injuries including the alleged cost of his care and other alleged damages. As the Court is aware, while "[t]he amount requested in a settlement demand does not determine whether the amount in controversy exceeds $75,000.00…'it counts for something.'" <u>Burns v. Windsor Ins.</u> <u>Co.</u>, <mark>31 F.3d 1092, 1097</mark> (11th Cir. 1994). What such demand letter counts for depends on the specificity of the demand and supporting information provided. *See Jones v. Marriott Int'l., Inc*., <mark>2018 U.S. Dist. LEXIS 85211, *11</mark> (S.D. Ala. May 22, 2018) (citing *Standridge v. Wal-Mart Stores, Inc.*, <mark>945 F.Supp. 252, 256-57</mark> (N.D. Ga. 1996) (citing in turn *Golden Apple Mgmt. Co. v. Geac Computers, Inc.*, <mark>990 F.Supp 1364</mark> (M.D. Ala. 1998)).

Here, as discussed above, plaintiff's demand letter is specific: it lays out injuries – an alleged shoulder injury that allegedly required him to undergo surgery. The demand letter further outlines the claimed retail medical bills of $116,622.17. The letter concludes with a demand of $750,000.00. Accordingly, the plaintiff's

demand letter describes the plaintiff's alleged injuries and costs incurred. Additionally, the complaint demands punitive damages. Accordingly, this information establishes that the amount in controversy is not speculative and is sufficient evidence that the true amount in controversy exceeds $75,000.00 and thus, this court has jurisdiction over this civil action.

Defendants do not anticipate that Plaintiff will dispute that the amount in controversy exceeds this Court's jurisdictional threshold.  However, if he does, Defendants recognize that they have the burden of proving by a "preponderance of the evidence" that the amount in controversy is more likely than not more than $75,000.00. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000); see also Flowers v. Priority Healthcare Pharm., Inc., 2007 U.S. Dist. LEXIS 34688 (S.D. Ala. 2007) (applying the Tapscott standard); Sierminski v. Transouth Fin. Corp., 216 F. 3d 945, 948 (applying a "preponderance of the evidence" standard when considering whether a removing defendant had properly established the amount in controversy).

Of course, predicting a jury verdict is an inexact science.  Indeed, "it is the peculiar function of the jury to determine the amount by their verdict." Barry v. Edmunds, 116 U.S. 550, 565 (1886).  Instead, the best predictor for a potential jury verdict, and thus, the amount in controversy, is a compilation of previous verdicts

rendered in other, similar cases. Courts have recognized that defendants may properly discharge their burden of proof by offering such examples. *See, e.g.*, Kirkland v. SSL Americas, Inc., 263 F. Supp. 2d 1326, 1333 (M.D. Ala. 2003) (finding that defendant proved the amount in controversy exceeded $75,000 by providing Alabama state court verdicts above that amount from similar actions); *see also* Bullock v. United Benefit Ins. Co., 165 F. Supp. 2d 1255, 1258-59 (M.D. Ala. 2001); *see also* Owens v. Life Ins. Co. of Georgia, 289 F. Supp. 2d 1319, 1327 (M.D. Ala. 2003).

Alabama juries have frequently rendered verdicts which substantially exceed this Court's jurisdictional threshold in cases involving claims similar to those raised by Plaintiff:

| VERDICT | STYLE | CV NO. | VENUE | FACTS |
|---------|-------|--------|-------|-------|
| $3,000,000.00 | Marshall v. R.W. Delaney Construction Co. et al | CV-15-900103 | Conecuh County | Plaintiff claimed a tractor-trailer hauling an oversized load pulled into his path from a side road and caused him to sideswipe the rig, thus leading Plaintiff's vehicle to flip over. Plaintiff's retail medical expenses totaled $71,399.00. |
| $1,000,000.00 | Simoneau v. United Parcel Service, Inc. | CV-2012-901209 | Mobile County | Plaintiff claimed that a UPS truck driver turned left in front of him, causing him to collide with the side of the UPS truck. Plaintiff's medical providers claimed subrogation in the amount of $23,295.40. |
| $870,000.00 | Ricks v. Transport Distribution Company | CV-09-900098 | Colbert County | Plaintiff claimed Defendant's tractor-trailer rear-ended the Alabama Department of Transportation vehicle he was operating to alert motorists of a work crew. Plaintiff's medical and worker's comp providers claimed subrogation in the amount of $28,633.00. |

These similar cases show that the amount in controversy here is more likely than not in excess of the jurisdictional threshold of $75,000.00.

## III. DEFENDANTS HAVE MET THE NOTICE REQUIREMENTS FOR REMOVAL.

Concurrently with the filing of this Notice of Removal, Defendants shall cause to be filed a copy of this Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Alabama, and copies of this Notice of Removal will be provided to Plaintiff pursuant to 28 U.S.C. § 1446(d).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request this Honorable Court take jurisdiction of this case and issue all necessary orders and process in order to remove the case from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division.

Respectfully submitted this 26th day of August, 2022.

/s/ Marcus A. Jaskolka
Marcus A. Jaskolka (JAS003)
Ralph D. Gaines, III (GAI006)
Attorneys for Defendants Jonathan Ross
Desselle and Big Level Trucking, Inc.

OF COUNSEL:
GAINES GAULT HENDRIX, P.C.
361 Summit Boulevard, Suite 200

Birmingham, Alabama 35243
(205) 980-5888
mjaskolka@ggh-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows on this 26th day of August, 2022.

T. Brian Hoven
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
205-983-8139
205-983-8439 fax
bhoven@asilpc.com

*/s/ Marcus A. Jaskolka*
OF COUNSEL

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **MITCHELL LEE ODOM,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **V.** | ) |
| | ) |
| | ) |
| **JONATHAN ROSS DESSELLE, an** | ) |
| **Individual, BIG LEVEL TRUCKING,** | ) |
| **INC., a foreign corporation, et al.** | ) |
| | ) |
| **Defendants.** | ) |

---

## NOTICE OF REMOVAL

---

# EXHIBIT A

ELECTRONICALLY FILED
6/10/2022 1:45 PM
01-CV-2022-901692.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>01<br><br>Date of Filing:<br>06/10/2022 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### MITCHELL LEE ODOM v. JONATHAN ROSS DESSELLE ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING         A ☐ APPEAL FROM DISTRICT COURT         O ☐ OTHER

R ☐ REMANDED         T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO      **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| HOV003 | 6/10/2022 1:45:34 PM<br>Date | /s/ THOMAS BRIAN HOVEN<br>Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**   ☐ YES  ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☐ NO

Notice of Removal Exhibit A; P001



ELECTRONICALLY FILED
6/10/2022 1:45 PM
01-CV-2022-901692.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| **MITCHELL LEE ODOM, an individual,** | ) | ***JURY TRIAL IS REQUESTED*** |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CASE NO.: CV-2022-_____** |
| **JONATHAN ROSS DESSELLE, an** | ) | |
| **individual,** | ) | |
| **BIG LEVEL TRUCKING, INC., a** | ) | |
| **foreign corporation,** | ) | |
| **and fictitious parties A; B; C; D; E; F;** | ) | |
| **G; H; and I; being those persons, firms,** | ) | |
| **partnerships, corps., & other entities** | ) | |
| **whose violation of law and/or whose** | ) | |
| **tortuous and/or wrongful conduct** | ) | |
| **caused and/or contributed to the** | ) | |
| **Plaintiff's damages or injuries whose** | ) | |
| **true name or names are unknown to** | ) | |
| **Plaintiff but whose names will be added** | ) | |
| **by amendment when ascertained,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S COMPLAINT

COMES NOW, the Plaintiff, MITCHELL LEE ODOM, by and through the undersigned

attorney(s), and hereby alleges against the Defendants named herein, jointly and severally, as

follows:

### PARTIES

1. Plaintiff, MITCHELL LEE ODOM (hereinafter "Mr. Odom"), is an individual over the age

   of nineteen (19) and is a resident of Walker County, Alabama.

2. Defendant, JONATHAN ROSS DESSELLE (hereinafter "DEFENDANT DESSELLE"), is

Notice of Removal Exhibit A; P002

an individual over the age of nineteen (19) and is believed to be a resident of Effie, Louisiana.

3. Defendant, BIG LEVEL TRUCKING, INC. ("BIG LEVEL TRUCKING, INC."), is a foreign corporation that does business in the state of Alabama.

4. Fictitious parties A, B, and C are those individuals, partnerships, limited partnerships, corporations or other business entities whose negligent and/or wanton acts caused or contributed to the damages incurred by the Plaintiff.  The said negligent acts of fictitious parties A, B, and C include, but are not limited to, the manufacture, design, repair, operation, or warnings relating to the proper use or maintenance of vehicle being operated by Defendant, JONATHAN ROSS DESSELLE, which caused said injuries to Plaintiff.

5. Fictitious parties D, E, and F, are those individuals who negligently and/or wantonly entrusted the said vehicle to Defendant, JONATHAN ROSS DESSELLE, with actual or constructive knowledge of his unfitness to operate a motor vehicle on the date in question. Alternatively, fictitious parties D, E and F negligently and wantonly entrusted the said vehicle to Defendant, JONATHAN ROSS DESSELLE, without taking the reasonable and necessary steps to determine Defendant Purvis's fitness to operate a motor vehicle.

6. Fictitious parties G, H, and I, are those individuals in whose employ Defendant, JONATHAN ROSS DESSELLE, was in on June 25, 2020, or whose business Defendant, JONATHAN ROSS DESSELLE, was engaged on June 25, 2020.

## **FACTS**

7. The Plaintiffs adopt and incorporate paragraphs one (1) through six (6) as if fully set out herein.

8. On or about June 25, 2020, at approximately 7:45 AM CDT, the Plaintiff, MITCHELL LEE

2

ODOM, operated a private passenger vehicle traveling southbound on Interstate 65 (I-65) at near the intersection of Interstate 59 (I-59) in Birmingham, Jefferson County, Alabama.

9.  At the same time and place, upon information and belief, JONATHAN ROSS DESSELLE, was operating a commercial vehicle that was also traveling southbound on I-65 near the intersection of I-59 in Birmingham, Jefferson County, Alabama that was leased and/or owned by Defendant BIG LEVEL TRUCKING, INC..

10. At the same time and place, upon information and belief, JONATHAN ROSS DESSELLE was employed by and was acting within the line and scope of his employment for the commercial benefit of Defendant BIG LEVEL TRUCKING, INC..

11. At the same time and place, upon information and belief, JONATHAN ROSS DESSELLE caused or allowed the vehicle he was operating to strike the vehicle operated by Plaintiff.

12. As a direct and proximate consequence of the incident described in paragraphs eight (8) through eleven (11), above, the Plaintiff was caused to suffer injuries and damages as described with particularity in paragraph twenty (20), below.

## COUNT ONE
## NEGLIGENCE/WANTONNESS/WILLFULNESS

13. The Plaintiff adopts and incorporates paragraphs one (1) through twelve (12), as if fully set out herein.

14. On or about June 25, 2020, at approximately 7:45 AM CDT, the Plaintiff, MITCHELL LEE ODOM, operated a private passenger vehicle traveling southbound on Interstate 65 (I-65) at near the intersection of Interstate 59 (I-59) in Birmingham, Jefferson County, Alabama.

15. At the same time and place, upon information and belief, JONATHAN ROSS DESSELLE, was operating a commercial vehicle that was also traveling southbound on I-65 near the intersection of I-59 in Birmingham, Jefferson County, Alabama that was leased and/or

3

owned by Defendant BIG LEVEL TRUCKING, INC..

16. At the same time and place, upon information and belief, JONATHAN ROSS DESSELLE was employed by and was acting within the line and scope of his employment for the commercial benefit of Defendant BIG LEVEL TRUCKING, INC..

17. At the same time and place, upon information and belief, JONATHAN ROSS DESSELLE caused or allowed the vehicle he was operating to strike the vehicle operated by Plaintiff.

18. At the time of the collision forming the basis of this civil action, Defendant JONATHAN ROSS DESSELLE had a duty to refrain from operating a commercial motor vehicle on a public roadway in a negligent, wanton, reckless or willful manner.

19. Defendant JONATHAN ROSS DESSELLE, while acting at all times in the line and scope of his employment with Defendant BIG LEVEL TRUCKING, INC. breached his duty by negligently, wantonly, recklessly or willfully causing or allowing his commercial motor vehicle to strike a vehicle owned, operated and/or occupied by Plaintiff including, but not limited to, the following conduct:

     a.     Failing to ensure that he had adequate line-of-sight of other vehicles and obstructions in his path;

     b.     Failing to maintain a proper lookout for warnings, other vehicles and obstructions;

     c.     Failing to yield the right-of-way to the Plaintiff; and

     d.     Operating his commercial motor vehicle without adequate training, experience and qualification.

     e.     Following too closely behind the vehicle in front of him;

     f.     Failing to ensure that he had adequate line-of-sight of other vehicles and obstructions in his path;

     g.     Failing to maintain a proper lookout for warnings, other vehicles and obstructions;

4

h.      Failing to ensure that he had adequate maneuvering room to avoid colliding with the vehicle in front of him and other vehicles and obstructions in his path;

i.      Driving at an unsafe rate of speed;

j.      Making an improper lane change; and

k.      Operating his commercial vehicle without adequate training, experience and qualification.

20. As a direct and proximate consequence of the conduct of Defendant JONATHAN ROSS DESSELLE, Plaintiff was caused to suffer injuries and damages including, but not limited to:

a.      The Plaintiff suffered bodily injuries to his body including, but not limited to his back, shoulder and neck;

b.      The Plaintiff was caused to suffer injuries that were and are attended by great physical pain and suffering and are reasonably likely to suffer physical pain and suffering in the future;

b.      The Plaintiff was caused and will be caused in the future to incur medical expenses;

c.      The Plaintiff suffered permanent injuries;

d.      The Plaintiff suffered mental anguish and emotional distress and are reasonably likely to suffer mental anguish and emotional distress in the future;

e.      The Plaintiff suffered past, present and future lost earnings and lost earning capacity;

f.      The Plaintiff suffered damages and losses to his property, which was damaged, torn, twisted and diminished in value.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant JONATHAN ROSS DESSELLE, for compensatory damages in an amount that will adequately compensate the Plaintiff for the

5

Notice of Removal Exhibit A; P006

injuries and damages sustained due to the Defendant's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct.  Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

## COUNT TWO
## RESPONDEAT SUPERIOR
## (BIG LEVEL TRUCKING, INC.)

21. The Plaintiff adopts and incorporates paragraphs one (1) through twenty (20) as if fully set out herein.

22. At the time of the incident forming the basis of this civil action, Defendant BIG LEVEL TRUCKING, INC. was the principal(s), master(s) and/or employer(s) of Defendant JONATHAN ROSS DESSELLE.

23. At the time of the incident forming the basis of this civil action, Defendant JONATHAN ROSS DESSELLE was the agent, servant and/or employee of Defendant BIG LEVEL TRUCKING, INC..

24. At the time and place of the collision forming the basis of this civil action, Defendant JONATHAN ROSS DESSELLE was acting within the line and scope of his employment with Defendants BIG LEVEL TRUCKING, INC. and was operating a commercial vehicle in furtherance of the business purposes of Defendant BIG LEVEL TRUCKING, INC..

25. Defendant JONATHAN ROSS DESSELLE, while acting at all times in the line and scope of his employment with Defendant BIG LEVEL TRUCKING, INC. breached his duty to the Plaintiff by negligently, wantonly, recklessly or willfully causing or allowing his commercial vehicle to strike the Plaintiff's vehicle.

Notice of Removal Exhibit A; P007

26. As a direct and proximate consequence of the conduct of Defendant JONATHAN ROSS DESSELLE, Plaintiff was caused to suffer injuries and damages as outlined in paragraph twenty (20) above:

27. As a result of the foregoing, Defendant BIG LEVEL TRUCKING, INC., as principals, are vicariously liable to Plaintiff for the negligent, wanton, reckless or willful conduct of Defendant JONATHAN ROSS DESSELLE, as agent, which proximately caused injuries and damages to Plaintiffs, as set forth in paragraph twenty (20), above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant BIG LEVEL TRUCKING, INC. for compensatory damages in an amount that will adequately compensate the Plaintiff for the injuries and damages sustained due to the Defendant's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct.  Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

## COUNT THREE
## NEGLIGENT HIRING, TRAINING, RETENTION & SUPERVISION
### (BIG LEVEL TRUCKING, INC.)

28. The Plaintiff adopts and incorporates paragraphs one (1) through twenty-seven (27), as if fully set out herein.

29. At all times relevant to the events forming the basis of this civil action, Defendant BIG LEVEL TRUCKING, INC. owed a duty to Plaintiff, and to the other members of the motoring public, to exercise reasonable care in:

      a.      Hiring and retaining its drivers;

Notice of Removal Exhibit A; P008

b.      Providing training and instruction to its drivers;

c.      Properly supervising its drivers;

d.      Complying with federal, state or local regulations concerning the inspection, maintenance and operations of its vehicles;

e.      Ensuring that its drivers comply with applicable company policies, as well as all federal, state or local regulations concerning the inspection, maintenance and operations of its vehicle;

e.      Establishing safe procedures for the operation of its commercial vehicles; and

f.      Inspecting, maintaining and repairing its vehicles.

30. At all times relevant to the events forming the basis of this civil action, Defendant BIG

LEVEL TRUCKING, INC. breached the duties set forth above by failing to use reasonable

care in its:

a.      Hiring of its drivers, employees or agents, including JONATHAN ROSS DESSELLE;

b.      Training of its drivers, employees or agents, including JONATHAN ROSS DESSELLE;

c.      Retention of its drivers, employees or agents, including JONATHAN ROSS DESSELLE;

d.      Supervision of its business operations, by failing to properly monitor the driving habits and records of its drivers, employees or agents in a manner consistent with accepted industry practices, including JONATHAN ROSS DESSELLE;

e.      Instruction of its drivers, employees or agents, including JONATHAN ROSS DESSELLE;

f.      Supervision of its drivers, employees or agents, including JONATHAN ROSS DESSELLE;

g.      Entrustment of a commercial vehicle to its drivers, employees or agents, including JONATHAN ROSS DESSELLE;

h.      Inspection of its commercial vehicle;

Notice of Removal Exhibit A; P009

i.      Proper execution of its business practices and procedures;

j.      Compliance with state and federal regulations;

k.      Enforcement of its drivers', employees' or agents' compliance with state and federal regulations, including JONATHAN ROSS DESSELLE;

l.      Utilization of available information to properly monitor its drivers, employees or agents, including JONATHAN ROSS DESSELLE, for compliance with company policies, state regulation and federal regulations; and

m.      Other ways that are as yet unknown, but may be revealed after further investigation and discovery.

31. As the entity that employed and controlled JONATHAN ROSS DESSELLE, Defendant BIG LEVEL TRUCKING, INC. failed to take the required actions to assure that he was properly hired, trained, retained and supervised.

32. As a proximate consequence of Defendants BIG LEVEL TRUCKING, INC.'s breaches of the duties described above and specifically related to its negligent hiring, training, retention and supervision of JONATHAN ROSS DESSELLE, Plaintiff suffered the injuries and damages set forth in paragraph twenty (20), above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant BIG LEVEL TRUCKING, INC. for compensatory damages in an amount that will adequately compensate the Plaintiff for the injuries and damages sustained due to the Defendant's conduct, and for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct.  Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

Notice of Removal Exhibit A; P010

## COUNT FOUR – NEGLIGENT ENTRUSTMENT BY DEFENDANTS
### (BIG LEVEL TRUCKING, INC.)

33. The Plaintiff adopts and incorporates paragraphs one (1) through thirty-two (32), as if fully set out herein.

34. Plaintiff further alleges that Defendant BIG LEVEL TRUCKING, INC. negligently and/or wantonly entrusted the operation of a vehicle to Defendant JONATHAN ROSS DESSELLE, with knowledge that Defendant JONATHAN ROSS DESSELLE was unfit to operate a motor vehicle safely.  Plaintiff further alleges that as a proximate result of Defendant BIG LEVEL TRUCKING, INC.'S negligence and wantonness, Plaintiff was caused to suffer the aforesaid injuries and damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment for negligent and wanton entrustment against Defendant BIG LEVEL TRUCKING, INC., jointly and severally, for an amount of compensatory and punitive damages, as determined by the trier of fact, together with interest from the date of injury and costs of this action.

## COUNT FIVE– NEGLIGENCE AND WANTONNESS OF DEFENDANTS
### (BIG LEVEL TRUCKING, INC.)

35. The Plaintiff adopts and incorporates paragraphs one (1) through thirty-four (34), as if fully set out herein.

36. The Plaintiff further alleges that Defendants BIG LEVEL TRUCKING, INC. negligently and wantonly failed to properly and adequately repair and/or maintain the motor vehicle operated by Defendant JONATHAN ROSS DESSELLE, and that said negligence and/or wantonness was a proximate cause of the injuries and damages suffered by Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment for negligence

10

and wantonness against that Defendant BIG LEVEL TRUCKING, INC., jointly and severally, for an amount of compensatory and punitive damages, as determined by the trier of fact, together with interest from the date of injury and costs of this action.

### COUNT SIX – NEGLIGENCE AND WANTONNESS
### OF FICTITIOUS DEFENDANTS A, B AND C

37. The Plaintiff adopts and incorporates paragraphs one (1) through thirty-six (36), as if fully set out herein.

38. Plaintiff further alleges that Defendants, A, B, and C are those individuals, partnerships, limited partnerships, corporations or other business entities whose negligent and/or wanton acts caused or contributed to the damages incurred by the Plaintiff.  The said negligent acts of fictitious parties A, B, and C include, but are not limited to, the manufacture, design, repair, operation, or warnings relating to the proper use or maintenance of vehicle being operated by individual, which caused said injuries to Plaintiff. Additionally, Defendants, A, B, and C negligently and wantonly failed to properly and adequately manufacture, design, repair, and/or maintain the motor vehicle operated by the individual who caused injury to the Plaintiff including but not limited to Defendant JONATHAN ROSS DESSELLE, and that said negligence and/or wantonness was a proximate cause of the injuries suffered by Plaintiff.

WHEREFORE, PREMISES CONSIDERED Plaintiff demands compensatory and punitive damages against Defendants, A, B, and C, jointly and severally, for negligence and wantonness, together with interest and costs of this action.

11

## COUNT SEVEN – NEGLIGENCE AND WANTONNESS
### OF FICTITIOUS DEFENDANTS D, E AND F

39. The Plaintiff adopts and incorporates paragraphs one (1) through thirty-eight (38), as if fully set out herein.

40. Plaintiff further alleges that Defendants, D, E, and F negligently and wantonly entrusted the operation of a vehicle to Defendant JONATHAN ROSS DESSELLE, with knowledge that Defendant JONATHAN ROSS DESSELLE, was unfit to operate a motor vehicle safely. Alternatively, fictitious parties D, E, and F negligently and wantonly entrusted the said vehicle to Defendant JONATHAN ROSS DESSELLE, without taking the reasonable and necessary steps to determine Defendant JONATHAN ROSS DESSELLE's, fitness to operate a motor vehicle. Plaintiff further alleges that as a proximate result of Defendants' D, E, and F; negligence and/or wantonness, Plaintiff was caused to suffer the aforesaid injuries and damages.

  WHEREFORE, PREMISES CONSIDERED Plaintiff demands compensatory and punitive damages against Defendants, D, E and F, jointly and severally, for negligence and wantonness, together with interest and costs of this action.

## COUNT SEVEN – NEGLIGENCE AND WANTONNESS
### OF FICTITIOUS DEFENDANTS G, H AND I

41. The Plaintiff adopts and incorporates paragraphs one (1) through forty (40), as if fully set out herein.

42. Plaintiff further alleges that Defendants, G, H and I negligently and wantonly caused the Plaintiff to suffer the aforesaid injuries and damages, Defendant JONATHAN ROSS

12

Notice of Removal Exhibit A; P013

DESSELLE was acting within the line and scope of his employment with Defendants G, H and I; and was therefore acting as an agent for Defendants G, H and I.

WHEREFORE, PREMISES CONSIDERED Plaintiff demands compensatory and punitive damages against Defendants, G, H and I, jointly and severally, for negligence and wantonness, together with interest and costs of this action.

Respectfully Submitted,

**/s/ T. Brian Hoven**
T. Brian Hoven (HOV003)
Attorney for Plaintiff
MITCHELL LEE ODOM

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:          (205) 983-8139
Facsimile:      (205) 983-8439
Email:          bhoven@asilpc.com

## JURY DEMAND

Plaintiff hereby demands a trial by struck jury.

Plaintiff's Address:
MITCHELL LEE ODOM
c/o T. Brian Hoven
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222

**SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:**

JONATHAN ROSS DESSELLE
2616 HWY 107, LOT 2
EFFIE, LA 71331

13

Notice of Removal Exhibit A; P014

BIG LEVEL TRUCKING, INC.
c/o: S. H. EVANS
REGISTERED AGENT FOR BIG LEVEL TRUCKING, INC.
1727 DUMMY LINE ROAD
WIGGINS, MS 39577

Notice of Removal Exhibit A; P015

ELECTRONICALLY FILED
6/10/2022 1:45 PM
01-CV-2022-901692.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| **MITCHELL LEE ODOM, an individual,** ) | ***JURY TRIAL IS REQUESTED*** |
| ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **CASE NO.: CV-2022-_____** |
| **JONATHAN ROSS DESSELLE, an** ) | |
| **individual,** ) | |
| **BIG LEVEL TRUCKING, INC., a** ) | |
| **foreign corporation,** ) | |
| **and fictitious parties A; B; C; D; E; F;** ) | |
| **G; H; and I; being those persons, firms,** ) | |
| **partnerships, corps., & other entities** ) | |
| **whose violation of law and/or whose** ) | |
| **tortuous and/or wrongful conduct** ) | |
| **caused and/or contributed to the** ) | |
| **Plaintiff's damages or injuries whose** ) | |
| **true name or names are unknown to** ) | |
| **Plaintiff but whose names will be added** ) | |
| **by amendment when ascertained,** ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFF'S CONSOLIDATED DISCOVERY REQUESTS TO
## DEFENDANT JONATHAN ROSS DESSELLE

COMES NOW the Plaintiff and hereby serves the following First Requests for Admission,

Interrogatories, and Requests for Production of Documents to Defendant, Jonathan Ross Desselle to

be answered in accordance with the *Alabama Rules of Civil Procedure:*

## DEFINITIONS

The following words, when used in these discovery requests, unless otherwise indicated,

shall mean:

Notice of Removal Exhibit A; P016

A.    The terms "You" and "Your" refer to Defendant, Jonathan Ross Desselle, and to its present or former agents, attorneys, representatives and other persons who have acted or purported to act on its behalf pursuant to contract or otherwise in any of the matters covered by these interrogatories and request for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

B.    The term "incident" refers to the June 25, 2020, motor vehicle incident that is the basis of Plaintiff's Complaint;

C.    "Communication" means any oral or written exchange of words, thoughts or ideas with another person(s), whether person-to-person, in a group, in a meeting, by telephone, letter, telefax, electronic mail, or otherwise, and including without limitation any printed, typed, handwritten or other readable document and any tape recording, correspondence, memorandum, report, contract, diary, log book, minutes, notes, study, survey and/or forecast.

D.    The "Document" or "Documents" shall have their customary broad meanings and shall include, without limitation, all originals, copies and drafts of all written, typewritten, recorded, transcribed, printed, taped, photographic or graphic material, however produced or reproduced, whether sent or received, or neither, including but not limited to, all books, pamphlets, articles, newspapers, press releases, magazines, booklets, circulars, handbooks, manuals, periodicals, letters, memoranda, files, envelopes, notices, instructions, reports, financial reports, records, studies, transcripts, diaries (formal or informal), audited and un-audited financial statements, working papers, questionnaires, notes, notations, charts, lists, comparisons, telegrams, cables, telex messages, communications (including intra-corporate communications, and reports, notes, notations and memoranda of, or relating to, telephone conversations and conferences), minutes, transcriptions, correspondence, agreements, graphs, tabulations, analyses, evaluations, tests, projections, opinions or reports, statements, summaries, desk calendars, appointment books, telephone logs, telephone bills, surveys, indices, tapes, computer inputs or outputs, computer memory, computer disks, electronic mail, microfilm, magnetic tapes, photographs, installation guides and instruction material within your possession, custody or control. Different versions of the same documents, including but not limited to, drafts or documents with handwritten notations or marks not found in the original or other copies or different documents.

E.    "Person" means any natural person as well as any firm, partnership, proprietorship, association, institution, joint venture, corporation, government entity, administrative agency, professional association and any other organization.

F.    "Identify," when used in reference to a natural person, means to provide that person's name, last known home and business addresses, last known home and business telephone numbers, present employer and job title.

G.    "Identify," when used in reference to a person that is a corporation, partnership, proprietorship, association, business, or other such group, means to provide the

2

Notice of Removal Exhibit A; P017

person's full name, address, telephone number, form of organization and a description of its business activities.

H.   "Identify," when used in reference to a document, means to provide a brief description of the document including its date, author, addressee, number of recipients, forum (that is, letter, invoice, blueprint, etc.), subject matter, length, and the present custody of each copy of the document having notations unique to such copy.

I.   "Identify," when used in reference to an oral communication, means to state the date of the communication and the place or places where the communication occurred, and to identify each person who took part or heard the communication, to provide a description of the subject matter of the communication, and to identify each document that refers or relates to or evidences the communication.

J.   "Date" refers to the exact day, month, and year, if known, or, if not known, best approximation including, as appropriate to the situation, relationship to the offense.

K.   "Plaintiff" shall refer to Mitchell Lee Odom and any present or former agents, attorneys, representatives and all other persons who have acted or purported to act on her behalf pursuant to contract or otherwise in any of the materials covered by these interrogatories and requests for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

L.   *PRIVILEGE LOG*: For each and every requested document that is claimed to be privileged: (i)  identify the document by date, author, addressor and addressee; (ii) identify the person who presently has custody, control or possession of the original and all copies thereof; (iii)  state specifically each and every ground on which the claim of privilege is based; (iv)  identify each person (by name, address, employer, job description or position at present) who received, or had access in the ordinary course of business to, the original and/or any copy of the document from the time the document was originated until the present.

## FIRST REQUESTS FOR ADMISSION

***Please admit or deny the truthfulness of the following statements***:

1.   At the time of the incident, you were operating a vehicle owned by Big Level Trucking, Inc..

2.   At the time of the incident, you were on-the-job for Big Level Trucking, Inc..

3.   At the time of the incident, you were acting in the line and scope of his employment with Big Level Trucking, Inc..

4.   Big Level Trucking, Inc. entrusted you with the 18-wheeler or commercial vehicle that you were operating at the time of the incident.

3

5.  At the time of the incident, you failed to keep a proper lookout.

6.  The incident was your fault.

7.  You negligently operated an 18-wheeler so as to cause injury to the Plaintiff.

8.  You were negligent in causing the incident.

9.  You were wanton in causing the incident.

10.  Plaintiff did nothing to cause or contribute to the incident.

11.  Plaintiff was not speeding at the time of the incident.

12.  There was nothing that Plaintiff could have done to avoid the incident.

13. You failed to maintain your lane of travel.

## **INTERROGATORIES**

1.      State your full correct name, residence address, business address, date of birth, social security number and driver's license number(s).

2.      State the name and address of your employer(s) at the present time and for the previous ten (10) years, including dates of employment.

3.      Identify all of your commercial driving licenses including endorsements (for example, double/triple trailers endorsements; passenger endorsement; tank vehicle endorsement; hazardous materials endorsement).

4.      Please state whether you or anyone on your behalf prepared a written report of the incident for your employer and, if so, state the date of such report and the names, addresses and representative capacities of all persons presently having possession of the original and copies of such report.

5.      List all the crimes of any nature, including minor traffic offenses, of which you have pled guilty, no contest, been convicted, or forfeited bond, give dates and offenses, including the sentence imposed, the court (including city, county and state).

6.      Have you ever been convicted, plead guilty or no contest to, or forfeited bond as to any of the following offenses:

        a.      a felony involving the use of a commercial motor vehicle;

        b.      leaving the scene of an accident involving a commercial vehicle;

4

Notice of Removal Exhibit A; P019

c.      driving a commercial vehicle while under the influence of alcohol where your blood alcohol concentration was 0.04 percent or more, or driving with an unlawful alcohol concentration, or driving under the influence of alcohol as prescribed by state law;

d.      refusing to undergo such testing as is required by any state or jurisdiction; or

e.      driving a commercial vehicle while under the influence of a controlled substance?

7.      Have you ever received an out of service order?

8.      Has the company for which you drive provided you with a copy of the Federal Motor Carrier Safety Regulations?

9.      State whether or not you consumed any alcoholic beverages, prescription drugs, non-prescription drugs, or medications within twelve (12) hours prior to the incident and if so, state the type of beverage or drug consumed, when and where you consumed it and the amount/quantity consumed.

10.     State the name and address of each person accompanying you at the time of the incident, including anyone that may have been following/leading you in a separate vehicle to a common destination.

11.     State the number of hours you had been driving in the 24 hours, 48 hours, and 7 days immediately leading up to the incident.

12.     Set forth your exact route, stop to stop, for the entire 7 day period leading up to, and including, the incident, including dates, times and locations.

13.     Describe with particularity exactly what occurred in the five minutes leading up to, and including, the incident.

14.     Describe in detail any and all conversations that took place between you and the Plaintiff, and/or anyone else at the incident site.

15.     Aside from conversations between persons, state whether you overheard any unilateral statements, exclamations, declarations, etc., made by the Plaintiff and/or anyone else at the incident site, including in your answer the name of the person that made the statement and the substance of it.

16.     Identify the name, address and phone number of each person who has knowledge of the incident.

Notice of Removal Exhibit A; P020

17.     Identify the name and address of every person from whom you, or anyone on your behalf, has obtained a statement, either oral or in writing, concerning the facts of the incident.  (NOTE: this request does not seek the substance of each such communication and therefore does not call for privileged or otherwise protected information).

18.     Did you take any photographs of the vehicles, scene, roadway and/or persons involved in the incident?  If so, please identify the device used to take such photographs and generally describe what was photographed.

19.     Do you contend that some mechanical failure or defect in the vehicle or on the road contributed to the incident?  If your answer is in the affirmative, please describe the failure/defect.

20.     Do you contend that you have a medical condition that contributed to this incident?  If so, please identify the condition and describe in detail the way in which same contributed to the incident.

21.     If you sought medical treatment within one week (seven days) of the incident, please identify the name and address of the treatment provider and the dates of treatment.

22.     Identify all other traffic incidents you have been in while operating a commercial motor vehicle, specifying the date, location, parties involved, whether you were at fault and whether you were injured.

23.     State the name, address and phone number of each person you expect to call as a witness at the trial of this case.

24.     State whether you expect to call any expert witness at the trial of this case and, if so, identify his/her name and address, education, experience and qualifications, the subject matter upon which each such expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

25.     State whether you owned or otherwise possessed a mobile phone device at the time of the incident.  If so, please identify the name of the owner of the device, the number and the cellular/digital provider.

26.     Do you contend the Plaintiff did anything to cause or contribute to the accident made the basis of this lawsuit?

27.     Have you ever been a party to a lawsuit (either as a plaintiff or as a defendant)?  If your answer is in the affirmative, please identify the style, civil action number, venue and brief description of the nature of the suit.

28.     Have you reviewed the typed answers to these questions and verified that they are correct?

6

29.     Do you agree to correct these interrogatories if any of these answers become incorrect?

30.     Do you understand that your answers to these interrogatories are under oath?

## REQUESTS FOR PRODUCTION

***Please produce true and correct copies of the following*:**

1.      All incident and/or incident reports concerning the incident, in addition to any and all documentation of the surrounding events.

2.      All supplements and/or revisions to the incident report.

3.      All diagrams of the incident scene.

4.      Video recording of the incident, if any.

5.      Surveillance video of the Plaintiff.

6.      Photographs of the incident scene and/or roadway.

7.      Photographs of the Plaintiff's vehicle.

8.      Photographs of the 18-wheeler or tractor-trailer that you were driving at the time of the incident.

9.      Photographs of all other vehicles involved in the incident.

10.     Photographs of the Plaintiff.

11.     All repair estimates pertaining to the 18-wheeler or tractor-trailer being operated by you at the time of the incident.

12.     All repair invoices showing actual cost of repairs to the 18-wheeler or tractor-trailer being operated by you at the time of the incident.

13.     Statements obtained from the Plaintiff.

14.     Statements obtained from the Defendants.

15.     Statements obtained from any and all witnesses.

16.     All expert reports prepared in connection with this case.

Notice of Removal Exhibit A; P022

17.     Entire file of all experts that you intend to call to testify at the trial of this case.

18.     Current *curriculum vitae* of all experts that you intend to call to testify at the trial of this case.

19.     A list of each case in which your expert has rendered an opinion or given sworn testimony in the past ten (10) years.

20.     All policies of insurance which will, or may, provide liability coverage to you in connection with the occurrence made the basis of this suit.

21.     All declarations pages certifying the policy limits of all policies of insurance which will, or may, provide liability coverage to you in connection with the occurrence made the basis of this suit.

22.     All umbrella policies that were in effect on the date of the incident, including declarations pages.

23.     All reservation of rights letters from insurers pertaining to some or all of the claims made against you in the subject litigation.

24.     All coverage denial letters from insurers pertaining to some or all of the claims made against you in the subject litigation.

25.     All materials received pursuant to subpoena.

26.     All of the Plaintiff's medical records obtained pursuant to subpoena or otherwise.

27.     All of the Plaintiff's medical records reflecting treatment that occurred before the incident.

28.     All written communications that you have had with any of the Plaintiff's medical providers.

29.     All call records for any and all telephonic device(s) owned and/or utilized by you during the month of June 2020 including, but not limited to, the following:

    a.   Records reflecting calls placed by you, and/or anyone acting on your behalf;

    b.   Records reflecting calls received or missed by you, and/or anyone acting on your behalf.

30.     All messaging records for all telephonic device(s) owned and/or utilized by you during the month of June 2020 including, but not limited to, the following:

    a.   Records reflecting text and/or SMS messages sent by you, and/or anyone acting

8

on your behalf;

    b.    Records reflecting text and/or SMS messages received by you/your device and/or anyone acting on your behalf.

31.    If you sought medical treatment as a result of the incident, please produce true and correct copies of all such medical records.

32.    If you underwent toxicological testing following the incident, please produce true and correct copies of all such test results.

33.    All data you retrieved/downloaded from electronic control module(s) and/or event data recorder(s) contained in the vehicle operated by you at the time of the incident in whatever form it exists, whether electronic or documentary.

34.    All data retrieved from communication and/or GPS tracking systems contained within the vehicle operated by you at the time of the incident.

35.    All evidence that you intend to use at trial.

36.    All demonstrative aids that you intend to use at trial.

37.    All PowerPoint or other similar computer-generated presentations that you intend to use at trial.

38.    All digital animations that you intend to use at trial.


    Respectfully Submitted,


    **s/ T. Brian Hoven**
    T. Brian Hoven (HOV003)
    Attorney for Plaintiff
    Mitchell Lee Odom


**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:      (205) 983-8139
Facsimile:    (205) 983-8439
Emails:      bhoven@asilpc.com

Notice of Removal Exhibit A; P024

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT AS FOLLOWS:**

JONATHAN ROSS DESSELLE
2616 HWY 107, LOT 2
EFFIE, LA 71331

BIG LEVEL TRUCKING, INC.
c/o S. H. EVANS, REGISTERED AGENT FOR BIG LEVEL TRUCKING, INC.
1727 DUMMY LINE ROAD
WIGGINS, MS 39577

/s/ T. Brian Hoven_____
**OF COUNSEL**

10

Notice of Removal Exhibit A; P025

ELECTRONICALLY FILED
6/10/2022 1:45 PM
01-CV-2022-901692.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | |
|---|---|
| **MITCHELL LEE ODOM, an individual,** ) | ***JURY TRIAL IS REQUESTED*** |
| ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **CASE NO.: CV-2022-_____** |
| **JONATHAN ROSS DESSELLE, an** ) | |
| **individual,** ) | |
| **BIG LEVEL TRUCKING, INC., a** ) | |
| **foreign corporation,** ) | |
| **and fictitious parties A; B; C; D; E; F;** ) | |
| **G; H; and I; being those persons, firms,** ) | |
| **partnerships, corps., & other entities** ) | |
| **whose violation of law and/or whose** ) | |
| **tortuous and/or wrongful conduct** ) | |
| **caused and/or contributed to the** ) | |
| **Plaintiff's damages or injuries whose** ) | |
| **true name or names are unknown to** ) | |
| **Plaintiff but whose names will be added** ) | |
| **by amendment when ascertained,** ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S CONSOLIDATED DISCOVERY REQUESTS TO**
**DEFENDANT, BIG LEVEL TRUCKING, INC.**

COMES NOW the Plaintiff and hereby serves the following First Requests for Admission,

Interrogatories, and Requests for Production of Documents to Defendant, Big Level Trucking, Inc.,

to be answered in accordance with the *Alabama Rules of Civil Procedure*:

Notice of Removal Exhibit A; P026

## DEFINITIONS

The following words, when used in these discovery requests, unless otherwise indicated, shall mean:

A.  The terms "You" and "Your" refer to Defendant, Big Level Trucking, Inc., and to its present or former agents, attorneys, representatives and other persons who have acted or purported to act on its behalf pursuant to contract or otherwise in any of the matters covered by these interrogatories and request for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

B.  The term "incident" refers to the June 25, 2020, motor vehicle incident that is the basis of Plaintiff's Complaint;

C.  "Communication" means any oral or written exchange of words, thoughts or ideas with another person(s), whether person-to-person, in a group, in a meeting, by telephone, letter, telefax, electronic mail, or otherwise, and including without limitation any printed, typed, handwritten or other readable document and any tape recording, correspondence, memorandum, report, contract, diary, log book, minutes, notes, study, survey and/or forecast.

D.  The "Document" or "Documents" shall have their customary broad meanings and shall include, without limitation, all originals, copies and drafts of all written, typewritten, recorded, transcribed, printed, taped, photographic or graphic material, however produced or reproduced, whether sent or received, or neither, including but not limited to, all books, pamphlets, articles, newspapers, press releases, magazines, booklets, circulars, handbooks, manuals, periodicals, letters, memoranda, files, envelopes, notices, instructions, reports, financial reports, records, studies, transcripts, diaries (formal or informal), audited and un-audited financial statements, working papers, questionnaires, notes, notations, charts, lists, comparisons, telegrams, cables, telex messages, communications (including intra-corporate communications, and reports, notes, notations and memoranda of, or relating to, telephone conversations and conferences), minutes, transcriptions, correspondence, agreements, graphs, tabulations, analyses, evaluations, tests, projections, opinions or reports, statements, summaries, desk calendars, appointment books, telephone logs, telephone bills, surveys, indices, tapes, computer inputs or outputs, computer memory, computer disks, electronic mail, microfilm, magnetic tapes, photographs, installation guides and instruction material within your possession, custody or control. Different versions of the same documents, including but not limited to, drafts or documents with handwritten notations or marks not found in the original or other copies or different documents.

E.  "Person" means any natural person as well as any firm, partnership, proprietorship, association, institution, joint venture, corporation, government entity, administrative agency, professional association and any other organization.

Notice of Removal Exhibit A; P027

F.   "Identify," when used in reference to a natural person, means to provide that person's name, last known home and business addresses, last known home and business telephone numbers, present employer and job title.

G.   "Identify," when used in reference to a person that is a corporation, partnership, proprietorship, association, business, or other such group, means to provide the person's full name, address, telephone number, form of organization and a description of its business activities.

H.   "Identify," when used in reference to a document, means to provide a brief description of the document including its date, author, addressee, number of recipients, forum (that is, letter, invoice, blueprint, etc.), subject matter, length, and the present custody of each copy of the document having notations unique to such copy.

I.   "Identify," when used in reference to an oral communication, means to state the date of the communication and the place or places where the communication occurred, and to identify each person who took part or heard the communication, to provide a description of the subject matter of the communication, and to identify each document that refers or relates to or evidences the communication.

J.   "Date" refers to the exact day, month, and year, if known, or, if not known, best approximation including, as appropriate to the situation, relationship to the offense.

K.   "Plaintiff" shall refer to Mitchell Lee Odom and any present or former agents, attorneys, representatives and all other persons who have acted or purported to act on his behalf pursuant to contract or otherwise in any of the materials covered by these interrogatories and requests for production, whether or not it is contended that such entity or person had authority to act on behalf thereof.

L.   *PRIVILEGE LOG*: For each and every requested document that is claimed to be privileged: (i)  identify the document by date, author, addressor and addressee; (ii)  identify the person who presently has custody, control or possession of the original and all copies thereof; (iii)  state specifically each and every ground on which the claim of privilege is based; (iv)  identify each person (by name, address, employer, job description or position at present) who received, or had access in the ordinary course of business to, the original and/or any copy of the document from the time the document was originated until the present.

## FIRST REQUESTS FOR ADMISSION

***Please admit or deny the truthfulness of the following statements***:

1.   At the time of the incident, Jonathan Ross Desselle was driving a vehicle owned by Big Level Trucking, Inc..

2.   At the time of the incident, Jonathan Ross Desselle was on-the-job for Big Level Trucking, Inc..

3

Notice of Removal Exhibit A; P028

3.      At the time of the incident, Jonathan Ross Desselle was acting in the line and scope of his employment with Big Level Trucking, Inc..

4.      Big Level Trucking, Inc. any entrusted Jonathan Ross Desselle with the vehicle that he was driving at the time of the incident.

5.      The incident was Jonathan Ross Desselle's fault.

## INTERROGATORIES

1. Have you been named properly in Plaintiff's Complaint?  If not, please identify your proper designation and whether you are a common carrier, contract carrier, or private carrier.

2. Are you owned by or a subsidiary of another company, entity or person?  If so, please identify the other company, entity or person.

3. Identify the name, address and phone number of each person who has knowledge of the incident.

4. Identify the name and address of every person from whom you, or anyone on your behalf, has obtained a statement, either oral or in writing, concerning the facts of the incident. (NOTE: this request does not seek the substance of each such communication and therefore does not call for privileged or otherwise protected information).

5. Set forth the names and addresses of all insurance companies which have liability insurance coverage for the truck and/or tractor and/or trailer and/or tanker involved in the incident, setting forth the number or numbers of the policies involved, the amount or amounts of liability coverage provided in each policy, and stating whether such insurance policies contain the MCS-90 endorsements or equivalent endorsements required by law.

6. Who was the owner of the tractor/truck/tanker involved in the incident?  If you were not the owner of the tractor, state whether same was operated by your company under lease and provide the name, address, and telephone number of the lessor.

7. Fully identify and describe the trailer, by stating the year of manufacture, manufacturer, model and configuration.  If you were not the owner of the trailer, state whether same was used by your company under lease and provide the name, address, and telephone number of the lessor.

8. Is the driver of the tractor trailer involved in the incident your regular employee? If so, state the date that employment began and whether he is still in your employ.

9. State whether you have retained a driver qualification file in your company offices for the driver of the vehicle involved in the incident. If so, list each of the documents in that file.

Notice of Removal Exhibit A; P029

10. State whether you have knowledge of any traffic violations committed by the driver either while in your employ or in prior employment. If so, state all information you have in that regard.

11. State whether you have knowledge of any hours of service violations committed by the driver either while in your employ or in prior employment. If so, state all information you have in that regard.

12. State whether any disciplinary action was taken either by you or a company union against the driver as a result of his or her driving on the date of the incident from which this lawsuit arose.  If not, state whether any was considered, and if the driver's actions and/or inactions were reviewed by any person(s), providing the details thereof.

13. Do you have a safety director? If so, state his or her full name and any and all titles.

14. State the place of origin and the place of destination of the truck involved in the incident, including in your answer the exact time when the truck left its place of origin and what the scheduled arrival time was at the place of destination.

15. Identify the location of the last pickup or delivery made by the driver prior to the subject incident, providing the exact name and address of each location with the date and time of pickup or delivery.

16. State whether the truck/trailer was transporting a load of cargo at the time of the incident and if so, identify the load carried inside the trailer at the time of the incident, and state the intended destination, including the name and address of the intended delivery location, the scheduled delivery time and date, and the names, addresses and telephone numbers of the shipper(s) and the names, addresses and telephone numbers of the consignee(s).

17. State whether the truck and/or the trailer underwent any repairs during the trip. If so, state the nature of the repairs and the names, addresses and telephone numbers of the repair facilities.

18. Does your company retain possession of repair and warranty invoices and bills covering the history of the truck/trailer? If not, who does?

19. Does the truck involved in the incident have an on-board computer, log auditing software and/or log auditing device? If so, identify all such computers, software, devices, disks, computer tapes and other written materials generated and/or used during the trip. Are these items in your company's possession?

20. Please set forth in detail the driver training program of the Defendants as of the date of the incident, including requirements relating to onboard driver training, safety training, seminars, defensive driving courses, hours of service, safety meetings, probationary periods, etc. together with each and every revision or modification to date, including the

5

date of each such revision or modification and the substance of each such revision or modification.

21. Have you ever been notified by the truck driver of a conviction(s) or suspension(s) for violating a state or local law relating to motor vehicle traffic control? (pursuant to 49 CFR 383.31)

22. Has the truck driver ever been disqualified from driving a truck when in your employ? If so, when and under what circumstances?

23. Please set forth a 10 year complete driving record of the driver, including a list of all incidents and violations and citations of state or federal laws or regulations, setting forth the date of each incident or citation, brief description of each incident and/or nature of each citation or violation, state of violation or citation, specifically to include a narrative summary of all of the information requested.

24. Please set forth in detail the driver hiring requirements of the Defendants beginning three (3) years prior to the incident and up to present, including requirements relating to experience, training, prior incidents, prior violations, etc., together with each and every revision or modification to date, including the date of each such revision or modification and the substance of each such revision or modification.

25. State whether the truck/tractor/trailer/rig involved in the collision was equipped with any type of on-board recording device. If so, state the type of device, what information was recorded, and for what periods of time.

26. Were any investigative or other reports prepared, compiled, submitted, or made by you or on your behalf in the regular course of business or in preparation for litigation, as a result of the incident in question. If so:

27. Identify the date on which the driver was hired, the identity of the person who hired the driver, the identity of the driver's supervisor and the terms of any written or oral contract of employment or other contract between the driver and his employer.

28. Identify all cellular telephone companies for which the driver had a phone on the date of the incident. Additionally, please identify all such phone numbers associated with any cellular telephone referenced above.

29. State whether the truck/tractor/trailer/rig involved in the collision was equipped with the QUALCOMM OMNITRAX system or any other type of satellite tracking system. If so, list the records in your possession of the truck's activities which were generated by the QUALCOMM system.

## **REQUESTS FOR PRODUCTION**

1. The entire personnel file of Defendant Jonathan Ross Desselle.

6

Notice of Removal Exhibit A; P031

2.  The entire human resources file of Defendant Jonathan Ross Desselle.

3.  Defendant Jonathan Ross Desselle's employment application and any notes or documentation regarding his interview for employment.

4.  The entire qualification file or any file regarding any investigation into the qualifications of the Defendant Jonathan Ross Desselle before he was hired or retained.

5.  Reports received or generated regarding Defendant Jonathan Ross Desselle's safety record before he was hired.

6.  Reports received or generated regarding Defendant Jonathan Ross Desselle's safety record after Defendant Jonathan Ross Desselle was hired.

7.  Reports received or generated regarding Defendant Jonathan Ross Desselle's criminal background check before he was hired.

8.  Reports received or generated regarding Defendant Jonathan Ross Desselle's criminal background check after he was hired.

9.  Defendant Jonathan Ross Desselle's driving record secured by this Defendant before he was hired.

10. Defendant Jonathan Ross Desselle's driving record secured by this Defendant at any time after he was hired.

11. Any documents regarding Defendant Jonathan Ross Desselle's employment history.

12. Documentation regarding any contact with any prior employers of Defendant Jonathan Ross Desselle prior to hiring Defendant Jonathan Ross Desselle.

13. All medical documentation in your possession regarding the health of Defendant Jonathan Ross Desselle including but not limited to any physicals, drug testing, vision testing, etc. or regarding Defendant Jonathan Ross Desselle's physical condition at any time while employed by this Defendant.

14. Any and all documents regarding any safety tests or evaluations taken by Defendant Jonathan Ross Desselle at any time prior to or subsequent to his employment with Big Level Trucking, Inc..

15. The results of any safety tests taken by Defendant Jonathan Ross Desselle at any time prior to or subsequent to his employment with Big Level Trucking, Inc..

Notice of Removal Exhibit A; P032

16. Any and all documents regarding any reprimands, criticisms, or complaints as to Defendant Jonathan Ross Desselle at any time he was employed by this Defendant.

17. A front and back copy of Defendant Jonathan Ross Desselle's CDL.

18. Documents regarding the completion, attempts or non-completion of any driving programs attended by Defendant Jonathan Ross Desselle.

19. The entire drug and alcohol file of Defendant Jonathan Ross Desselle including, but not limited to, pre-employment, post-incident, random, reasonable suspicion and return to duty drug and alcohol testing results.

20. The entire safety performance file for Defendant Jonathan Ross Desselle.

21. All logs - official or unofficial - of Defendant Jonathan Ross Desselle for six (6) months prior to and thirty (30) days after the incident.

22. Any and all state safety audits of Defendant Jonathan Ross Desselle.

23. Any and all federal incident reports filed by Defendant Jonathan Ross Desselle for the year 2020 and for three (3) years prior to the incident.

24. All of the records of Defendant Jonathan Ross Desselle for the seven (7) days prior to the incident and for the day of the incident, which documents you are required to retain under 49 C.F.R. §395.8 (k) and subsequent DOT guidance and interpretation of "supporting documents":

       A.  Bills of lading;
       B.  Carrier pros;
       C.  Freight bills;
       D.  Dispatch records;
       E.  Driver call-in records;
       F.  Gate record receipts;
       G.  Weight/scale tickets;
       H.  Fuel billing statements;
       I.  Toll receipts;
       J.  International registration plan receipts;
       K.  International fuel tax agreement receipts;
       L.  Trip permits;
       M.  Lessor settlement sheets;
       N.  Port of entry receipts;
       O.  Cash advance receipts;
       P.  Delivery receipts;
       Q.  Lumper receipts;
       R.  Interchange and inspection reports;
       S.  Over/short and damage reports;

Notice of Removal Exhibit A; P033

T.   Agricultural inspection reports;
U.   Commercial Vehicle Safety Alliance reports;
V.   Incident reports;
W.  Telephone billing statements;
X.   Credit card receipts;
Y.   Driver fax reports;
Z.   On-board computer reports;
AA.         Border crossing reports;
BB.         Custom declarations;
CC.         Traffic citations;
DD.         Overweight/oversize reports and citations; and
EE. Other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation business.

25. Any and all cellular and telephone records, including bills of Defendant Jonathan Ross Desselle, for the day of the incident and seven (7) days prior and seven (7) days after.

26. Any and all DOT inspection reports filed by Defendant Jonathan Ross Desselle for the year of the incident and three (3) years prior.

27. Any and all long form DOT physicals of Defendant Jonathan Ross Desselle.

28. Any documents in your possession regarding any insurance coverage for Defendant Jonathan Ross Desselle including, but not limited to the MCS-90 Endorsement.

29. Produce any other file or documents regarding Defendant Jonathan Ross Desselle not previously requested above.

**DOCUMENTS RELATIVE TO THE VEHICLE INVOLVED**

30. Any and all DOT and State inspections of the vehicle involved in the incident for the year of the incident and one (1) year prior.

31. Produce copies of any and all satellite communications and e-mail for the day of the incident and seven (7) days prior, as well as all recorded ECM data with reference to all data available, including:

A.  trip distance;
B.  total vehicle driving time;
C.  load factor;
D.  vehicle speed limit;
E.  maximum vehicle speed recorded;
F.  number of hard brake incidents;
G.  current engine speed (rpm);

9

H.  maximum and minimum cruise speed limits;
I.  total vehicle driving distance;
J.  fuel consumption (gal./hr.);
K.  idle time;
L.  engine governed speed;
M.  maximum engine speed recorded;
N.  current throttle position;
O.  brake switch status (on/off);
P.  odometer;
Q.  trip driving time;
R.  overall fuel economy (MPG);
S.  average driving speed;
T.  number of engine overspeeds;
U.  number of vehicle overspeeds;
V.  current vehicle speed (MPH);
W.  clutch switch status (on/off); and
X.  clock.

32. All documents relating to information recorded by any type of Global Positioning System, such as Qualcomm, Highway Master, XATA or other such systems, regarding all vehicles driven by Defendant Jonathan Ross Desselle for the period January 1, 2020 to June 30, 2020.

33. All documents relating to information recorded by any type of Video Recording System, such as DriveCam, Safety Vision, or other such systems, regarding all vehicles driven by Defendant Jonathan Ross Desselle for the period January 1, 2020 through June 30, 2020.

34. All documents relating to information recorded by any type of Accelerometer Recording System, such as Independent Witness, Inc.'s Witness or other such systems, regarding all vehicles driven by Defendant Jonathan Ross Desselle for the period January 1, 2020 to June 30, 2020.

35. Copies of any and all printouts and copies of any and all electronic files of data imaged (i.e., downloaded) from the Electronic Control Module (ECM) for any vehicle involved in the incident.

36. Copies of any and all printouts and copies of any and all electronic files of data imaged (i.e., downloaded) from the Airbag Control Module (ACM), Powertrain Control Module (PCM), and Roll Over Sensor (ROS) for any vehicle involved in the incident.

37. Copies of any and all printouts and copies of any and all electronic files of data imaged (i.e., downloaded) from any and all Event Data Recorded (EDR) relating to any of the vehicles involved in the incident. An EDR means a device or function in a vehicle or

10

remote of the vehicle that records any vehicle or occupant-based data just prior to or during a crash, such that the data can be retrieved after the crash.

38. The Permanent Unit File or its equivalent including, but not limited to, records relating to the repairs, maintenance, and costs for the vehicle involved in the incident.

39. All notes, correspondence, bills, invoices, diagrams, photographs, x-rays or other documents prepared or reviewed by each person whom you expect to call as an expert witness at trial.

40. All written reports of each person whom you expect to call as an expert witness at trial, including any drafts.

41. All documents upon which any expert witness you intend to call at trial relied to form an opinion.

42. Any video surveillance or imaging of the Plaintiff.

43. The employee handbook and/or driver's manual issued to Defendant Jonathan Ross Desselle.

44. All insurance policies including liability, general liability, excess umbrella for the vehicle, and any other insurance that will, or may, cover the incident.

45. All written, recorded, or signed statements of any party, including the Plaintiff, Defendants, witnesses, investigators or agents, representatives or employees of the parties concerning the subject matter of this action.

46. All photographs, videotapes or audio tapes, x-rays, diagrams, medical records, surveys or other graphic representations of information concerning the subject matter of this action, the Plaintiff or property damage.

47. Any documents received pursuant to any subpoena requests.

Respectfully Submitted,

**s/ T. Brian Hoven**
T. Brian Hoven (HOV003)
Attorney for Plaintiff
Mitchell Lee Odom

11

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone: (205) 983-8139
Facsimile:     (205) 983-8439
Emails:        bhoven@asilpc.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT AS FOLLOWS:**

JONATHAN ROSS DESSELLE
2616 HWY 107, LOT 2
EFFIE, LA 71331

BIG LEVEL TRUCKING, INC.
c/o S. H. EVANS, REGISTERED AGENT FOR BIG LEVEL TRUCKING, INC.
1727 DUMMY LINE ROAD
WIGGINS, MS 39577

**/s/ T. Brian Hoven_____**
**OF COUNSEL**

Notice of Removal Exhibit A; P037

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2022-901692.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## MITCHELL LEE ODOM V. JONATHAN ROSS DESSELLE ET AL

**NOTICE TO:** JONATHAN ROSS DESSELLE, 2616 HWY 107, LOT 2, EFFIE, LA 71331

<em>(Name and Address of Defendant)</em>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), THOMAS BRIAN HOVEN ,

<em>(Name(s) of Attorney(s))</em>

WHOSE ADDRESS(ES) IS/ARE: 3626 Clairmont Avenue S, BIRMINGHAM, AL 35222 .

<em>(Address(es) of Plaintiff(s) or Attorney(s))</em>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of MITCHELL LEE ODOM

<em>(Name(s))</em>

pursuant to the Alabama Rules of the Civil Procedure.

| 06/10/2022 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ THOMAS BRIAN HOVEN

<em>(Plaintiff's/Attorney's Signature)</em>

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

<em>(Date)</em>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

<em>(Name of Person Served)</em>     <em>(Name of County)</em>

Alabama on _____ .

<em>(Date)</em>

| _____ | _____ | _____ |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2022-901692.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### MITCHELL LEE ODOM V. JONATHAN ROSS DESSELLE ET AL

**NOTICE TO:** BIG LEVEL TRUCKING, INC., C/O S.H. EVANS 1727 DUMMY LINE ROAD, WIGGINS, MS 39577

<em>(Name and Address of Defendant)</em>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), THOMAS BRIAN HOVEN                                                                                                            ,

<em>(Name(s) of Attorney(s))</em>

WHOSE ADDRESS(ES) IS/ARE: 3626 Clairmont Avenue S, BIRMINGHAM, AL 35222                              .

<em>(Address(es) of Plaintiff(s) or Attorney(s))</em>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of MITCHELL LEE ODOM

pursuate to the Alabama Rules of the Civil Procedure.                                   *(Name(s))*

| 06/10/2022 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ THOMAS BRIAN HOVEN

<em>(Plaintiff's/Attorney's Signature)</em>

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

<em>(Date)</em>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

<em>(Name of Person Served)</em>                          <em>(Name of County)</em>

Alabama on _____.

<em>(Date)</em>

_____          _____

<em>(Type of Process Server)</em>          <em>(Server's Signature)</em>          <em>(Address of Server)</em>

_____

<em>(Server's Printed Name)</em>          <em>(Phone Number of Server)</em>



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY
### CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
MITCHELL LEE ODOM V. JONATHAN ROSS DESSELLE ET AL

01-CV-2022-901692.00

To: CLERK BIRMINGHAM
    clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $30.32

Parties to be served by Certified Mail - Return Receipt Requested

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

JONATHAN ROSS DESSELLE                          Postage: $15.16
2616 HWY 107, LOT 2
EFFIE, LA 71331

BIG LEVEL TRUCKING, INC.                        Postage: $15.16
C/O S.H. EVANS
1727 DUMMY LINE ROAD
WIGGINS, MS 39577

Parties to be served by First Class Mail

Notice of Removal Exhibit A; P040

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JONATHAN ROSS DESSELLE

2616 HWY 107, LOT 2
EFFIE, LA 71331

9590 9402 7107 1251 5053 74

2. Article Number (Transfer from service label)

7021 1970 0000 4405 1678

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                            ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

S/C

CV- 22- 901692

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053     Domestic Return Receipt

---

7021 1970 0000 4405 1678

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark
Here

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

Notice of Removal Exhibit A; P041

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BIG LEVEL TRUCKING, INC.

C/O S.H. EVANS
1727 DUMMY LINE ROAD
WIGGINS, MS 39577

9590 9402 7107 1251 5053 81

2. Article Number *(Transfer from service label)*

7021 1970 0000 4405 1685

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
□ Agent
□ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:        □ No

S/C D2

CV-22-901692

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
☒ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery (over $500)

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
☒ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

7021 1970 0000 4405 1685

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
**Domestic Mail Only**

For delivery information, visit our website at *www.usps.com®*.

Certified Mail Fee   $

Extra Services & Fees *(check box, add fee as appropriate)*
□ Return Receipt (hardcopy)        $
□ Return Receipt (electronic)      $
□ Certified Mail Restricted Delivery   $
□ Adult Signature Required         $
□ Adult Signature Restricted Delivery $

Postage   $

Total Postage and Fees

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark
Here

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

Notice of Removal Exhibit A; P042

# SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BIG LEVEL TRUCKING, INC.

C/O S.H. EVANS

1727 DUMMY LINE ROAD

WIGGINS, MS 39577



9590 9402 7107 1251 5053 81

2. Article Number *(Transfer from service label)*

7021 1970 0000 4405 1685

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _Ahusi Har_   ☐ Agent   ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

_Theresa Harris_

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

S/C D2

CV-22-981692

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt



**USPS TRACKING #**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 7107 1251 5053 81

**United States
Postal Service**

* Sender: Please print your name, address, and ZIP+4® in this box®

JACQUELINE ANDERSON SMITH, CLERK
ROOM 400 JEFF CO COURTHOUSE
716 RICHARD ARRINGTON JR BLVD., NO
BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE
CIRCUIT CIVIL DIVISION
JUN 24 2022
JACQUELINE ANDERSON SMITH
CLERK



AlaFile E-Notice

01-CV-2022-901692.00

To:   THOMAS BRIAN HOVEN
        bhoven@asilpc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MITCHELL LEE ODOM V. JONATHAN ROSS DESSELLE ET AL
01-CV-2022-901692.00

The following alias summons was FILED on 7/29/2022 3:10:45 PM

Notice Date:     7/29/2022 3:10:45 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

Notice of Removal Exhibit A; P045



AlaFile E-Notice

01-CV-2022-901692.00

To:  JONATHAN ROSS DESSELLE
     2616 HWY 107, LOT 2
     EFFIE, LA, 71331

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MITCHELL LEE ODOM V. JONATHAN ROSS DESSELLE ET AL
01-CV-2022-901692.00

The following alias summons was FILED on 7/29/2022 3:10:45 PM

Notice Date:     7/29/2022 3:10:45 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2022-901692.00

To:  BIG LEVEL TRUCKING, INC. (PRO SE)
C/O S.H. EVANS
1727 DUMMY LINE ROAD
WIGGINS, MS, 39577-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MITCHELL LEE ODOM V. JONATHAN ROSS DESSELLE ET AL
01-CV-2022-901692.00

The following alias summons was FILED on 7/29/2022 3:10:45 PM

Notice Date:     7/29/2022 3:10:45 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

Notice of Removal Exhibit A; P047

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2022-901692.00 |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## MITCHELL LEE ODOM V. JONATHAN ROSS DESSELLE ET AL

**NOTICE TO:** JONATHAN ROSS DESSELLE, 2616 HWY 107, LOT 2, EFFIE, LA 71331
_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), THOMAS BRIAN HOVEN
_____,
*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 3626 Clairmont Avenue S, BIRMINGHAM, AL 35222
_____.
*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

[✓] You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

[ ] Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.                                     *(Name(s)]*

| 07/29/2022 | /s/ JACQUELINE ANDERSON  SMITH | By: _____ |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

[ ] Certified Mail is hereby requested.   _____
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

[ ] Return receipt of certified mail received in this office on _____.
*(Date)*

[ ] I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*                *(Name of County)*

Alabama on _____.
*(Date)*

_____    _____    _____
*(Type of Process Server)*        *(Server's Signature)*               *(Address of Server)*

                                       _____    _____
                                       *(Server's Printed Name)*          *(Phone Number of Server)*



AlaFile E-Notice

01-CV-2022-901692.00

To:  MARCUS ALEXANDER JASKOLKA
     mjaskolka@ggh-law.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MITCHELL LEE ODOM V. JONATHAN ROSS DESSELLE ET AL
01-CV-2022-901692.00

The following answer was FILED on 8/10/2022 5:06:47 PM

Notice Date:     8/10/2022 5:06:47 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

Notice of Removal Exhibit A; P049

ELECTRONICALLY FILED
8/10/2022 5:06 PM
01-CV-2022-901692.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| **MITCHELL LEE ODOM,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **V.** | ) |
| | )    **CV-2022-901692** |
| | ) |
| **JONATHAN ROSS DESSELLE, an** | ) |
| **Individual, BIG LEVEL TRUCKING,** | ) |
| **INC., a foreign corporation, et al.** | ) |
| | ) |
| **Defendants.** | ) |

---

## ANSWER

---

COMES NOW the Defendant, Big Level Trucking, Inc., in the above styled cause and responds to Plaintiff's Complaint as follows:

1.      Defendant is without sufficient information to admit or deny the allegations in Paragraph One of the Plaintiff's Complaint and therefore, denies the same and demands strict proof thereof.

2.      Upon information and belief, admitted.

3.      Upon information and belief, admitted.

4.      This paragraph does not require a response from this defendant. To the extent a response is required, said allegations are hereby denied.

5.      This paragraph does not require a response from this defendant. To the extent a response is required, said allegations are hereby denied.

6.      This paragraph does not require a response from this defendant. To the extent a response is required, said allegations are hereby denied.

## **FACTS**

7.      Defendant has previously responded to Paragraphs One (1) through Six (6) of the Plaintiff's Complaint.

8.      Upon information and belief, admitted.

Notice of Removal Exhibit A; P050

9.      Upon information and belief, admitted.

10.     Upon information and belief, admitted.

11.     Defendant denies the allegations in Paragraph Eleven of Plaintiff's Complaint and demands strict proof thereof.

12.     Defendant denies the allegations in Paragraph Twelve of Plaintiff's Complaint and demands strict proof thereof.

## COUNT ONE
## NEGLIGENCE/WANTONNESS/WILLFULNESS

13.     Defendant has previously responded to Paragraphs One (1) through Twelve (12) of the Plaintiff's Complaint.

14.     Upon information and belief, admitted.

15.     Upon information and belief, admitted.

16.     Upon information and belief, admitted.

17.     Defendant denies the allegations in Paragraph Seventeen of Plaintiff's Complaint and demands strict proof thereof.

18.     This paragraph does not require a response from this defendant. To the extent a response is required, defendant states that the plaintiff owed the same duty of care that defendant did. Defendant denies that any alleged duty it owed was breached.

19.     Defendant denies the allegations in Paragraph Nineteen of Plaintiff's Complaint and demands strict proof thereof.

20.     Defendant denies the allegations in Paragraph Twenty of Plaintiff's Complaint and demands strict proof thereof.

Defendant hereby denies that the Plaintiff is entitled to any judgment or relief.

## COUNT TWO
## RESPONDEAT SUPERIOR
## (BIG LEVEL TRUCKING, INC.)

21.     Defendant has previously responded to Paragraphs One (1) through Twenty (20) of the Plaintiff's Complaint.

22.     Upon information and belief, admitted.

23.     Upon information and belief, admitted.

24.     Upon information and belief, admitted.

25.     Defendant denies the allegations in Paragraph Twenty-Five of Plaintiff's Complaint and demands strict proof thereof.

26.     Defendant denies the allegations in Paragraph Twenty-Six of Plaintiff's Complaint and demands strict proof thereof.

27.     Defendant denies the allegations in Paragraph Twenty-Seven of Plaintiff's Complaint and demands strict proof thereof.

Defendant hereby denies that the Plaintiff is entitled to any judgment or relief.

## COUNT THREE
### NEGLIGENT HIRING, TRAINING, RETENTION & SUPERVISION
### (BIG LEVEL TRUCKING, INC.)

28.     Defendant has previously responded to Paragraphs One (1) through Twenty-Seven (27) of the Plaintiff's Complaint.

29.     This paragraph does not require a response from this defendant. To the extent a response is required, defendant denies that any alleged duty owed was breached.

30.     Defendant denies the allegations in Paragraph Thirty of Plaintiff's Complaint and demands strict proof thereof.

31.     Defendant denies the allegations in Paragraph Thirty-One of Plaintiff's Complaint and demands strict proof thereof.

32.     Defendant denies the allegations in Paragraph Thirty-Two of Plaintiff's Complaint and demands strict proof thereof.

Defendant hereby denies that the Plaintiff is entitled to any judgment or relief.

## COUNT FOUR
### NEGLIGENT ENTRUSTMENT BY DEFENDANTS
### (BIG LEVEL TRUCKING, INC.)

33.     Defendant has previously responded to Paragraphs One (1) through Thirty-Two (32) of the Plaintiff's Complaint.

34.     Defendant denies the allegations in Paragraph Thirty-Four of Plaintiff's Complaint and demands strict proof thereof.

Defendant hereby denies that the Plaintiff is entitled to any judgment or relief.

## COUNT FIVE
### NEGLIGENCE AND WANTONNESS OF DEFENDANTS
### (BIG LEVEL TRUCKING, INC.)

35.    Defendant has previously responded to Paragraphs One (1) through Thirty-Four (34) of the Plaintiff's Complaint.

36.    Defendant denies the allegations in Paragraph Thirty-Six of Plaintiff's Complaint and demands strict proof thereof.

Defendant hereby denies that the Plaintiff is entitled to any judgment or relief.

**COUNT SIX**
**NEGLIGENCE AND WANTONNESS**
**OF FICTITIOUS DEFENDANTS A, B AND C**

37.    Defendant has previously responded to Paragraphs One (1) through Thirty-Six (36) of the Plaintiff's Complaint.

38.    This paragraph does not require a response from this defendant. To the extent a response is required, said allegations are hereby denied.

Defendant hereby denies that the Plaintiff is entitled to any judgment or relief.

**COUNT SEVEN**
**NEGLIGENCE AND WANTONNESS**
**OF FICTITIOUS DEFENDANTS D, E AND F**

39.    Defendant has previously responded to Paragraphs One (1) through Thirty-Eight (38) of the Plaintiff's Complaint.

40.    This paragraph does not require a response from this defendant. To the extent a response is required, said allegations are hereby denied.

Defendant hereby denies that the Plaintiff is entitled to any judgment or relief.

**COUNT SEVEN**
**NEGLIGENCE AND WANTONNESS**
**OF FICTITIOUS DEFENDANTS G, H AND I**

41.    Defendant has previously responded to Paragraphs One (1) through Forty (40) of the Plaintiff's Complaint.

42.    This paragraph does not require a response from this defendant. To the extent a response is required, said allegations are hereby denied.

Defendant hereby denies that the Plaintiff is entitled to any judgment or relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This defendant pleads not guilty.

### SECOND DEFENSE

This defendant pleads that venue is improper.

### THIRD DEFENSE

This defendant pleads that service is improper.

### FOURTH DEFENSE

This defendant pleads the defense of lack of subject matter jurisdiction.

### FIFTH DEFENSE

This defendant pleads the defense of lack of jurisdiction over the person.

### SIXTH DEFENSE

Defendant denies that it breached any duty owed to the Plaintiff if any such duty is owed.

### SEVENTH DEFENSE

The Defendant denies that it was guilty of any intentional, willful, gross, oppressive, wanton, malicious and/or negligent acts of omission or commission relating directly or indirectly to the allegations in the Complaint; the Defendant further denies any act of omission or commission on its part proximately caused or proximately contributed to cause the injuries and/or damages alleged in the Complaint.

### EIGHTH DEFENSE

The Defendant avers the injuries and/or damages alleged in the Complaint were proximately caused by an "efficient intervening cause."

### NINTH DEFENSE

The Defendant did not violate any statutes, rules and/or regulations of the State of Alabama or the United States of America.

### TENTH DEFENSE

The Defendant pleads all applicable affirmative defenses under Rule 12(b).

## ELEVENTH DEFENSE

The Complaint fails to state a claim against the Defendant upon which relief can be granted pursuant to Rule 12(b)(6).

## TWELFTH DEFENSE

The Defendant denies that it was guilty of any act of omission or commission which would entitle the Plaintiff to recover compensatory, consequential, or punitive damages against him.

## THIRTEENTH DEFENSE

The Defendant denies the Plaintiff was injured and/or damaged to the extent claimed and demands strict proof thereof.

## FOURTEENTH DEFENSE

Plaintiff's damages are speculative and impossible to ascertain or allocate.

## FIFTEENTH DEFENSE

Any recovery had by the Plaintiff must be reduced or set off by collateral sources paid to the Plaintiff.

## SIXTEENTH DEFENSE

To the extent the Plaintiff has concluded or may conclude a settlement or recover a verdict against any person, entity or party against whom the Plaintiff has, or could have, made or will make a claim, then the Defendant is entitled to a set-off for any amount paid and is otherwise entitled to introduce the fact of said settlement or verdict at its option.

## SEVENTEENTH DEFENSE

The Plaintiff has failed to mitigate damages.

## EIGHTEENTH DEFENSE

Any alleged injuries and/or damages to the Plaintiff occurred as a result of pre-existing medical conditions, causes and/or injuries completely unrelated to any act of omission or commission by the Defendant. The existence of these pre-existing medical conditions, causes, or injuries are plead as a bar to, or in mitigation of, any recovery sought by the Plaintiff.

## NINETEENTH DEFENSE

Defendant avers the Plaintiff was himself guilty of negligence on the occasion complained of, and the Plaintiff's own negligence proximately caused or proximately contributed to cause the alleged injuries and damages.

## TWENTIETH DEFENSE

Defendant avers the Plaintiff assumed the risk on the occasions complained of, thereby barring recovery.

## TWENTY-FIRST DEFENSE

Defendant avers the Plaintiff's alleged injuries and/or damages were proximately or solely caused by the actions and/or omissions of someone other than this Defendant and over whom Defendant possesses no right of supervision or control and for whose acts Defendant is not legally responsible.

## TWENTY-SECOND DEFENSE

Defendant avers the Plaintiff's alleged damages were the result of an unavoidable accident or occurrence.

## TWENTY-THIRD DEFENSE

Defendant pleads sudden emergency.

## TWENTY-FOURTH DEFENSE

The Defendant denies that it is guilty of any conduct which would entitle the Plaintiff to recover punitive damages in this case.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims for punitive damages are in contravention of Defendant's rights under each of the following constitutional provisions:

a. the Commerce Clause of Article I, Section 8 of the United States Constitution;
b. the Contracts Clause of Article I, Section 10 of the United States Constitution;
c. the prohibition against ex post facto laws embodied in Article I, Section 10 of the United States Constitution;
d. the Supremacy Clause of Article VI of the United States Constitution;
e. the Free Speech Clause of the First Amendment of the United States Constitution;
f. the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;
g. the Takings Clause of the Fifth Amendment of the United States Constitution;
h. the Right to Counsel of the Sixth Amendment of the United States Constitution;
i. the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;
j. the Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution;
k. the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

l.      similar or corresponding provisions of the Constitution of this State.

## TWENTY-SIXTH DEFENSE

No act or omission of the Defendant was malicious, willful, or reckless and, therefore, any award of punitive damages is barred.

## TWENTY-SEVENTH DEFENSE

With respect to Plaintiff's demand for punitive damages, this Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards set forth in Philip Morris USA v. Williams, 127 S. Ct. 1057 (2007), State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408 (2003), BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), and similar State cases.

## TWENTY-EIGHTH DEFENSE

Because of the lack of clear standards, any imposition of punitive damages against this Defendant would be unconstitutionally vague and/or overbroad.

## TWENTY-NINTH DEFENSE

Plaintiff's claim for punitive damages is subject to the limitations and requirements of State law.

## THIRTIETH DEFENSE

The Defendant adopts all defenses asserted by other defendants to the extent they are applicable to the claims purportedly asserted against this Defendant.

## THIRTY-FIRST DEFENSE

The Defendant reserves the right to assert any additional defenses, counterclaims, crossclaims and/or file third-party complaints that discovery would reveal to be available and/or necessary.

## THIRTY-SECOND DEFENSE

Defendant specifically reserves the right to amend its answer as future discovery may dictate.

## DEFENDANT DEMANDS TRIAL BY STRUCK JURY

Respectfully submitted this 10th day of August, 2022

/s/ *Marcus A. Jaskolka*
Marcus A. Jaskolka (JAS003)
Ralph D. Gaines, III (GAI006)
Attorneys for Defendant
Big Level Trucking, Inc.

**OF COUNSEL:**
GAINES GAULT HENDRIX, P.C.
361 Summit Boulevard, Suite 200
Birmingham, Alabama 35243
(205) 980-5888
mjaskolka@ggh-law.com
rgaines@ggh-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows on this 10th day of August, 2022.

T. Brian Hoven
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
205-983-8139
205-983-8439 fax
bhoven@asilpc.com

/s/ *Marcus A. Jaskolka*
 OF COUNSEL



AlaFile E-Notice

01-CV-2022-901692.00

To:   MARCUS ALEXANDER JASKOLKA
      mjaskolka@ggh-law.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MITCHELL LEE ODOM V. JONATHAN ROSS DESSELLE ET AL
01-CV-2022-901692.00

The following RETURN ON SERVICE - SERVED was FILED on 8/26/2022 2:39:53 PM

Notice Date:      8/26/2022 2:39:53 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

Notice of Removal Exhibit A; P059

ELECTRONICALLY FILED
8/26/2022 2:39 PM
01-CV-2022-901692.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| **MITCHELL LEE ODOM,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **V.** | ) |
| | )     **CV-2022-901692** |
| | ) |
| **JONATHAN ROSS DESSELLE, an** | ) |
| **Individual, BIG LEVEL TRUCKING,** | ) |
| **INC., a foreign corporation, et al.** | ) |
| | ) |
| **Defendants.** | ) |

---

## ACCEPTANCE OF SERVICE ON BEHALF OF DEFENDANT, JONATHAN ROSS DESSELLE

---

COME NOW Marcus A. Jaskolka and Ralph D. Gaines, III, as attorneys for the Defendant,

Jonathan Ross Desselle, and hereby accept service of process for said defendant in this cause of

action.

Respectfully submitted this 26th day of August, 2022.

*/s/ Marcus A. Jaskolka*
Marcus A. Jaskolka (JAS003)
Ralph D. Gaines, III (GAI006)
Attorneys for Defendants Jonathan Ross
Desselle and Big Level Trucking, Inc.

**OF COUNSEL:**
GAINES GAULT HENDRIX, P.C.
361 Summit Boulevard, Suite 200
Birmingham, Alabama 35243
(205) 980-5888
mjaskolka@ggh-law.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows on this 26th day of August, 2022.

T. Brian Hoven
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
205-983-8139
205-983-8439 fax
bhoven@asilpc.com

*/s/ Marcus A. Jaskolka*
**OF COUNSEL**



AlaFile E-Notice

01-CV-2022-901692.00

To:   MARCUS ALEXANDER JASKOLKA
      mjaskolka@ggh-law.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MITCHELL LEE ODOM V. JONATHAN ROSS DESSELLE ET AL
01-CV-2022-901692.00

The following answer was FILED on 8/26/2022 2:41:31 PM

Notice Date:     8/26/2022 2:41:31 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

Notice of Removal Exhibit A; P062

ELECTRONICALLY FILED
8/26/2022 2:41 PM
01-CV-2022-901692.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| **MITCHELL LEE ODOM,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **V.** | ) |
| | )   **CV-2022-901692** |
| | ) |
| **JONATHAN ROSS DESSELLE, an** | ) |
| **Individual, BIG LEVEL TRUCKING,** | ) |
| **INC., a foreign corporation, et al.** | ) |
| | ) |
| **Defendants.** | ) |

---

**ANSWER OF DEFENDANT, JONATHAN ROSS DESSELLE**

---

COMES NOW the Defendant, Jonathan Ross Desselle, in the above styled cause and responds to Plaintiff's Complaint as follows:

1.    Defendant is without sufficient information to admit or deny the allegations in Paragraph One of the Plaintiff's Complaint and therefore, denies the same and demands strict proof thereof.

2.    Admitted.

3.    Admitted.

4.    This paragraph does not require a response from this defendant. To the extent a response is required, said allegations are hereby denied.

5.    This paragraph does not require a response from this defendant. To the extent a response is required, said allegations are hereby denied.

6.    This paragraph does not require a response from this defendant. To the extent a response is required, said allegations are hereby denied.

<u>**FACTS**</u>

7.    Defendant has previously responded to Paragraphs One (1) through Six (6) of the Plaintiff's Complaint.

8.    Upon information and belief, admitted.

9.      Upon information and belief, admitted.

10.      Upon information and belief, admitted.

11.      Defendant denies the allegations in Paragraph Eleven of Plaintiff's Complaint and demands strict proof thereof.

12.      Defendant denies the allegations in Paragraph Twelve of Plaintiff's Complaint and demands strict proof thereof.

**COUNT ONE**
**NEGLIGENCE/WANTONNESS/WILLFULNESS**

13.      Defendant has previously responded to Paragraphs One (1) through Twelve (12) of the Plaintiff's Complaint.

14.      Upon information and belief, admitted.

15.      Upon information and belief, admitted.

16.      Upon information and belief, admitted.

17.      Defendant denies the allegations in Paragraph Seventeen of Plaintiff's Complaint and demands strict proof thereof.

18.      Defendant denies the allegations in Paragraph Eighteen of Plaintiff's Complaint and demands strict proof thereof.

19.      Defendant denies the allegations in Paragraph Nineteen of Plaintiff's Complaint and demands strict proof thereof.

20.      Defendant denies the allegations in Paragraph Twenty of Plaintiff's Complaint and demands strict proof thereof.

Defendant hereby denies that the Plaintiff is entitled to any judgment or relief.

**COUNT TWO**
**RESPONDEAT SUPERIOR**
**(BIG LEVEL TRUCKING, INC.)**

21.      Defendant has previously responded to Paragraphs One (1) through Twenty (20) of the Plaintiff's Complaint.

22.      Upon information and belief, admitted.

23.      Upon information and belief, admitted.

24.      Upon information and belief, admitted.

25.     Defendant denies the allegations in Paragraph Twenty-Five of Plaintiff's Complaint and demands strict proof thereof.

26.     Defendant denies the allegations in Paragraph Twenty-Six of Plaintiff's Complaint and demands strict proof thereof.

27.     Defendant denies the allegations in Paragraph Twenty-Seven of Plaintiff's Complaint and demands strict proof thereof.

Defendant hereby denies that the Plaintiff is entitled to any judgment or relief.

## COUNT THREE
### NEGLIGENT HIRING, TRAINING, RETENTION & SUPERVISION
### (BIG LEVEL TRUCKING, INC.)

28.     Defendant has previously responded to Paragraphs One (1) through Twenty-Seven (27) of the Plaintiff's Complaint.

29.     This paragraph does not require a response from this defendant. To the extent a response is required, defendant denies that any alleged duty owed was breached.

30.     This paragraph does not require a response from this defendant. To the extent a response is required, defendant denies that any alleged duty owed was breached.

31.     Defendant denies the allegations in Paragraph Thirty-One of Plaintiff's Complaint and demands strict proof thereof.

32.     Defendant denies the allegations in Paragraph Thirty-Two of Plaintiff's Complaint and demands strict proof thereof.

Defendant hereby denies that the Plaintiff is entitled to any judgment or relief.

## COUNT FOUR
### NEGLIGENT ENTRUSTMENT BY DEFENDANTS
### (BIG LEVEL TRUCKING, INC.)

33.     Defendant has previously responded to Paragraphs One (1) through Thirty-Two (32) of the Plaintiff's Complaint.

34.     Defendant denies the allegations in Paragraph Thirty-Four of Plaintiff's Complaint and demands strict proof thereof.

Defendant hereby denies that the Plaintiff is entitled to any judgment or relief.

## COUNT FIVE
### NEGLIGENCE AND WANTONNESS OF DEFENDANTS
### (BIG LEVEL TRUCKING, INC.)

35.    Defendant has previously responded to Paragraphs One (1) through Thirty-Four (34) of the Plaintiff's Complaint.

36.    Defendant denies the allegations in Paragraph Thirty-Six of Plaintiff's Complaint and demands strict proof thereof.

Defendant hereby denies that the Plaintiff is entitled to any judgment or relief.

## COUNT SIX
### NEGLIGENCE AND WANTONNESS
### OF FICTITIOUS DEFENDANTS A, B AND C

37.    Defendant has previously responded to Paragraphs One (1) through Thirty-Six (36) of the Plaintiff's Complaint.

38.    This paragraph does not require a response from this defendant. To the extent a response is required, said allegations are hereby denied.

Defendant hereby denies that the Plaintiff is entitled to any judgment or relief.

## COUNT SEVEN
### NEGLIGENCE AND WANTONNESS
### OF FICTITIOUS DEFENDANTS D, E AND F

39.    Defendant has previously responded to Paragraphs One (1) through Thirty-Eight (38) of the Plaintiff's Complaint.

40.    This paragraph does not require a response from this defendant. To the extent a response is required, said allegations are hereby denied.

Defendant hereby denies that the Plaintiff is entitled to any judgment or relief.

## COUNT SEVEN
### NEGLIGENCE AND WANTONNESS
### OF FICTITIOUS DEFENDANTS G, H AND I

41.    Defendant has previously responded to Paragraphs One (1) through Forty (40) of the Plaintiff's Complaint.

42.    This paragraph does not require a response from this defendant. To the extent a response is required, said allegations are hereby denied.

Defendant hereby denies that the Plaintiff is entitled to any judgment or relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This defendant pleads not guilty.

### SECOND DEFENSE

This defendant pleads that venue is improper.

### THIRD DEFENSE

This defendant pleads that service is improper.

### FOURTH DEFENSE

This defendant pleads the defense of lack of subject matter jurisdiction.

### FIFTH DEFENSE

This defendant pleads the defense of lack of jurisdiction over the person.

### SIXTH DEFENSE

Defendant denies that it breached any duty owed to the Plaintiff if any such duty is owed.

### SEVENTH DEFENSE

The Defendant denies that it was guilty of any intentional, willful, gross, oppressive, wanton, malicious and/or negligent acts of omission or commission relating directly or indirectly to the allegations in the Complaint; the Defendant further denies any act of omission or commission on its part proximately caused or proximately contributed to cause the injuries and/or damages alleged in the Complaint.

### EIGHTH DEFENSE

The Defendant avers the injuries and/or damages alleged in the Complaint were proximately caused by an "efficient intervening cause."

### NINTH DEFENSE

The Defendant did not violate any statutes, rules and/or regulations of the State of Alabama or the United States of America.

### TENTH DEFENSE

The Defendant pleads all applicable affirmative defenses under Rule 12(b).

## ELEVENTH DEFENSE

The Complaint fails to state a claim against the Defendant upon which relief can be granted pursuant to Rule 12(b)(6).

## TWELFTH DEFENSE

The Defendant denies that it was guilty of any act of omission or commission which would entitle the Plaintiff to recover compensatory, consequential, or punitive damages against him.

## THIRTEENTH DEFENSE

The Defendant denies the Plaintiff was injured and/or damaged to the extent claimed and demands strict proof thereof.

## FOURTEENTH DEFENSE

Plaintiff's damages are speculative and impossible to ascertain or allocate.

## FIFTEENTH DEFENSE

Any recovery had by the Plaintiff must be reduced or set off by collateral sources paid to the Plaintiff.

## SIXTEENTH DEFENSE

To the extent the Plaintiff has concluded or may conclude a settlement or recover a verdict against any person, entity or party against whom the Plaintiff has, or could have, made or will make a claim, then the Defendant is entitled to a set-off for any amount paid and is otherwise entitled to introduce the fact of said settlement or verdict at its option.

## SEVENTEENTH DEFENSE

The Plaintiff has failed to mitigate damages.

## EIGHTEENTH DEFENSE

Any alleged injuries and/or damages to the Plaintiff occurred as a result of pre-existing medical conditions, causes and/or injuries completely unrelated to any act of omission or commission by the Defendant. The existence of these pre-existing medical conditions, causes, or injuries are plead as a bar to, or in mitigation of, any recovery sought by the Plaintiff.

## NINETEENTH DEFENSE

Defendant avers the Plaintiff was himself guilty of negligence on the occasion complained of, and the Plaintiff's own negligence proximately caused or proximately contributed to cause the alleged injuries and damages.

## TWENTIETH DEFENSE

Defendant avers the Plaintiff assumed the risk on the occasions complained of, thereby barring recovery.

## TWENTY-FIRST DEFENSE

Defendant avers the Plaintiff's alleged injuries and/or damages were proximately or solely caused by the actions and/or omissions of someone other than this Defendant and over whom Defendant possesses no right of supervision or control and for whose acts Defendant is not legally responsible.

## TWENTY-SECOND DEFENSE

Defendant avers the Plaintiff's alleged damages were the result of an unavoidable accident or occurrence.

## TWENTY-THIRD DEFENSE

Defendant pleads sudden emergency.

## TWENTY-FOURTH DEFENSE

The Defendant denies that it is guilty of any conduct which would entitle the Plaintiff to recover punitive damages in this case.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims for punitive damages are in contravention of Defendant's rights under each of the following constitutional provisions:

a.    the Commerce Clause of Article I, Section 8 of the United States Constitution;
b.    the Contracts Clause of Article I, Section 10 of the United States Constitution;
c.    the prohibition against ex post facto laws embodied in Article I, Section 10 of the United States Constitution;
d.    the Supremacy Clause of Article VI of the United States Constitution;
e.    the Free Speech Clause of the First Amendment of the United States Constitution;
f.    the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;
g.    the Takings Clause of the Fifth Amendment of the United States Constitution;
h.    the Right to Counsel of the Sixth Amendment of the United States Constitution;
i.    the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;
j.    the Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution;
k.    the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

Notice of Removal Exhibit A; P069

l.      similar or corresponding provisions of the Constitution of this State.

## TWENTY-SIXTH DEFENSE

No act or omission of the Defendant was malicious, willful, or reckless and, therefore, any award of punitive damages is barred.

## TWENTY-SEVENTH DEFENSE

With respect to Plaintiff's demand for punitive damages, this Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards set forth in Philip Morris USA v. Williams, 127 S. Ct. 1057 (2007), State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408 (2003), BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), and similar State cases.

## TWENTY-EIGHTH DEFENSE

Because of the lack of clear standards, any imposition of punitive damages against this Defendant would be unconstitutionally vague and/or overbroad.

## TWENTY-NINTH DEFENSE

Plaintiff's claim for punitive damages is subject to the limitations and requirements of State law.

## THIRTIETH DEFENSE

The Defendant adopts all defenses asserted by other defendants to the extent they are applicable to the claims purportedly asserted against this Defendant.

## THIRTY-FIRST DEFENSE

The Defendant reserves the right to assert any additional defenses, counterclaims, crossclaims and/or file third-party complaints that discovery would reveal to be available and/or necessary.

## THIRTY-SECOND DEFENSE

Defendant specifically reserves the right to amend its answer as future discovery may dictate.

## DEFENDANT DEMANDS TRIAL BY STRUCK JURY

Respectfully submitted this 26th day of August, 2022

/s/ Marcus A. Jaskolka
Marcus A. Jaskolka (JAS003)
Ralph D. Gaines, III (GAI006)
Attorneys for Defendant
Jonathan Ross Dessell

**OF COUNSEL:**
GAINES GAULT HENDRIX, P.C.
361 Summit Boulevard, Suite 200
Birmingham, Alabama 35243
(205) 980-5888
mjaskolka@ggh-law.com
rgaines@ggh-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows on this 26th day of August, 2022.

T. Brian Hoven
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
205-983-8139
205-983-8439 fax
bhoven@asilpc.com

/s/ Marcus A. Jaskolka
OF COUNSEL

ELECTRONICALLY FILED
8/26/2022 2:43 PM
01-CV-2022-901692.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| **MITCHELL LEE ODOM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | |
| | ) | **CV-2022-901692** |
| | ) | |
| **JONATHAN ROSS DESSELLE, an** | ) | |
| **Individual, BIG LEVEL TRUCKING,** | ) | |
| **INC., a foreign corporation, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

---

Take notice that the undersigned has, by electronic transmission or by U.S. Mail, on this date, served on all counsel of record, the following:

(X)    Defendant Jonathan Desselle's Responses to Plaintiff's First Request for Admission;

(X)    Defendant Big Level Trucking, Inc.'s Responses to Plaintiff's First Request for Admission.

Respectfully submitted this 26th day of August, 2022

*/s/ Marcus A. Jaskolka*
Marcus A. Jaskolka (JAS003)
Ralph D. Gaines, III (GAI006)
Attorneys for Defendants
Jonathan Ross Desselle and Big Level
Trucking, Inc.

**OF COUNSEL:**
GAINES GAULT HENDRIX, P.C.
361 Summit Boulevard, Suite 200
Birmingham, Alabama 35243
(205) 980-5888

mjaskolka@ggh-law.com
rgaines@ggh-law.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows on this 26th day of August, 2022.

T. Brian Hoven
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
205-983-8139
205-983-8439 fax
bhoven@asilpc.com

*/s/ Marcus A. Jaskolka*
  OF COUNSEL

ELECTRONICALLY FILED
8/26/2022 3:15 PM
01-CV-2022-901692.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| MITCHELL LEE ODOM, | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.:    CV-2022-901692.00 |
| | ) |
| JONATHAN ROSS DESSELLE and | ) |
| BIG LEVEL TRUCKING, INC., | ) |
| Defendants. | ) |

## HIPAA ORDER

Upon compliance with Alabama law, the attorneys for the parties and/or pro se parties to this lawsuit are permitted to obtain all health information, including information relative to payment for the provision of medical care to any Individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee.  This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to Alabama law, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena.  This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure.

Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family.  Nothing in this Order permits disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party.  This Order prohibits the parties from using or disclosing the Protected Health Information for any purpose other than this litigation or proceedings.

At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information, which is included in insurance claim files and law firm litigation files, may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

**DONE this 26th day of August, 2022.**

**/s/ JIM HUGHEY III**
**CIRCUIT JUDGE**

Notice of Removal Exhibit A; P075

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **MITCHELL LEE ODOM,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **V.** | ) |
| | ) |
| | ) |
| **JONATHAN ROSS DESSELLE, an** | ) |
| **Individual, BIG LEVEL TRUCKING,** | ) |
| **INC., a foreign corporation, et al.** | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

# EXHIBIT B

Business ID: 1003066
Date Filed: 06/06/2012 05:00 PM
C. Delbert Hosemann, Jr.
Secretary of State

**F0001 - Page 1 of 2**

**OFFICE OF THE MISSISSIPPI S**
**P.O. BOX 136, JACKSON, MS 392**

**Articles of Incorporation**

The undersigned, pursuant to Section 79-4-2.02 (if a profit corporation) or Section 79-11-137 (if a nonprofit corporation) of the Mississippi Code of 1972, hereby executes the following document and sets forth:

**1. Type of Corporation**    *Business Email Address: Stevene@charlesevanstrucking.com

⇨ [X] Profit      [ ] Nonprofit

**2. Name of the Corporation**

⇨ BIG LEVEL TRUCKING INC.

**3. The future effective date is (Complete if applicable)**    Immediately

⇨ **4. FOR NONPROFITS ONLY:** The period of duration is [ ] years or [ ] perpetual

The purpose of the non-profit corporation [ ]

**5. FOR PROFITS ONLY:** The Number (and Classes) if any of shares the corporation is authorized to issue is (are) as follows

| Classes | # of Shares Authorized | If more than one (1) class of shares is authorized, the preferences, limitations, and relative rights of each class are as follows: | |
|---|---|---|---|
| ⇨ Common | 1000 | | (See Attached) |
| ⇨ | | | |

**6. Name and Street Address of the Registered Agent and Registered Office is**

⇨ Name    S. H. EVANS

⇨ Physical Address    67 C. G. EVANS ROAD

⇨ P.O. Box    306

⇨ City, State, ZIP5, ZIP4    WIGGINS    MS    39577

271912

2012 JUN -6 PM 2:03

Rev. 04/2009

Notice of Removal Exhibit B; P. 1

**F0001 - Page 2 of 2**

**OFFICE OF THE MISSISSIPPI SECRETARY OF STATE**
P.O. BOX 136, JACKSON, MS 39205-0136    (601) 359-1633
**Articles of Incorporation**

7. The name and complete address of each incorporator are as follows

⇨ Name | S. H. EVANS

⇨ Street | 67 C.G. EVANS ROAD

⇨ City, State, ZIP5, ZIP4 | WIGGINS | MS | 39577⁻

⇨ Name |

⇨ Street |

⇨ City, State, ZIP5, ZIP4 | | | -

⇨ Name |

⇨ Street |

⇨ City, State, ZIP5, ZIP4 | | | -

⇨ 8. Other Provisions [ ]   See Attached

⇨ 9. Incorporators' Signatures (please keep writing within blocks)

*[signature: S H Evans]*

2719I2

2012 JUN -6 PM 2:08

Rev. 04/2009

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MITCHELL LEE ODOM,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **V.** | ) |
| | ) |
| | ) |
| **JONATHAN ROSS DESSELLE, an** | ) |
| **Individual, BIG LEVEL TRUCKING,** | ) |
| **INC., a foreign corporation, et al.** | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

# EXHIBIT C

**F0008**
**Fee: $ 25**



**2021177843**

Business ID: 1003066
Filed: 04/06/2021 12:17 AM
Michael Watson
Secretary of State

## 2021  Corporate Annual Report

## Business Information

*Business ID:*  1003066  *Business Name:*  Big Level Trucking Inc.
*State of Incorporation:*  MS  *Business Email:*  stevene@biglevel.net
*Phone:* (***)***-****
*FEIN:* **-*******

*Principal Address:*  1727 Dummy Line Rd
Wiggins, MS 39577

## Registered Agent

*Name:*  Evans, S H
*Address:*  1727 Dummy Line Road
Wiggins, MS 39577

## Officers

| Title/Name: | Address: | Director: |
|---|---|---|
| **President:**  S H Evans | 67 C G Evans Road P O Box 306 Wiggins, MS 39577 | ☑ |
| **Vice President:**  Charles G Evans | PO Box 306 Wiggins, MS 39577 | ☑ |
| **Secretary:**  S H Evans | 67 C G Evans Road P O Box 306 Wiggins, MS 39577 | ☑ |
| **Treasurer:**  S H Evans | 67 C G Evans Road P O Box 306 Wiggins, MS 39577 | ☑ |

## Stocks

| Class: | Authorized: | Series: | Issued: |
|---|---|---|---|
| Common | 1000 | | 1 |

**P.O. BOX 136**
**JACKSON, MS 39205-0136**

**TELEPHONE: (601) 359-1633**

Notice of Removal Exhibit C; P. 1

**NAICS Code/Nature of Business**

484210 - Used Household and Office Goods Moving

484210 - Used Household and Office Goods Moving

484210 - Used Household and Office Goods Moving

**Signature**

By entering my name in the space provided, I certify that I am authorized to file this document on behalf of this entity, have examined the document and, to the best of my knowledge and belief, it is true, correct and complete as of this day *04/06/2021*.

*Name:*                                                      *Address:*

DON L MATTOCKS                                  PO BOX 306

*Chief Financial Officer*                            WIGGINS, MS 39577

## Officers List

| *Name:* | *Address:* |
|---|---|
| S H Evans | 67 C G Evans Road P O Box 306 |
| *Director, President, Secretary, Treasurer* | Wiggins, MS 39577 |
| | |
| Charles G Evans | PO Box 306 |
| *Director, Vice President* | Wiggins, MS 39577 |
| | |
| Don L Mattocks | PO Box 306 |
| *Director, Chief Financial Officer* | Wiggins, MS 39577 |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MITCHELL LEE ODOM,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **V.** | ) |
| | ) |
| | ) |
| **JONATHAN ROSS DESSELLE, an** | ) |
| **Individual, BIG LEVEL TRUCKING,** | ) |
| **INC., a foreign corporation, et al.** | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

# EXHIBIT D



November 22, 2021

T. Brian Hoven
P: (205) 983-8139
F: (205) 983-8439
bhoven@asilpc.com

**VIA EMAIL: Michael.Piccone@canal-ins.com**
Michael Piccone
Canal Insurance Company
400 East Stone Ave
Greenville, SC 29601

|     |               |                                           |
|-----|---------------|-------------------------------------------|
| Re: | Your Insured: | Big Level Trucking and Jonathan Ross Desselle |
|     | Your Claim No.: | L523464                                  |
|     | Our Client:   | Mitchell L. Odom                          |
|     | Date of Loss: | 06/25/2020                                |

Dear Michael:

Please find the enclosed medical bills and records for my client, Mitchell Odom, who was injured in a motor vehicle accident caused by your insured on June 25, 2020. Please allow this to serve as a confidential settlement communication.

## LIABILITY

As you know, this motor vehicle collision occurred on June 25, 2020 in Jefferson County, Alabama. My client was traveling south on Interstate 65 (I-65) near the interchange with Interstate 59 (I-59) when your insured, Jonathan Ross Desselle, caused this crash. Specifically, your insured made an improper lane change and struck my client's vehicle, which resulted in this crash. It should be noted that, and I am sure you already know, my client was on the job when this wreck occurred.

Your insured had a duty to operate his vehicle in a reasonable and prudent manner. He breached that duty by failing to maintain his proper lane of travel. As such, he is guilty of negligence and/or wantonness.

## INJURIES/TREATMENT

Your insured's negligence and/or wantonness caused my client to suffer injuries. I am attaching my client's medical records and bills for your review. As you will see from your review of the records, my client suffered a shoulder injury that required him to undergo surgery.

Mr. Odom complained of bilateral shoulder pain following the wreck with your insured. As time progressed, his left shoulder became the physical problem that provided him with the most problems. He initially tried conservative treatment (with a family doctor and chiropractor); however, his pain progressed to the point where he was required to seek the advice of an orthopedic surgeon, Dr. Mark E. Rogers. Mr. Odom saw Dr. Rogers on June 25, 2020 and compliaint of left shoulder pain. Dr. Rogers ordered an MRI of Mr. Odom's left shoulder that revealed labral tears and he was also diagnosed with a partial tear of his supraspinatus, infraspinatus and subscapularis tendon.

Dr. Rogers ultimately ordered Mr. Odom to under a left shoulder arthroscopic surgery, which was performed on July 16, 2020. As is routine with a shoulder surgery, Dr. Rogers referred Mr. Odom to physical therapy following this surgery.

Mr. Odom continued to have pain and popping in his left shoulder. Therefore, Dr. Rogers recommended a second revised surgery with possible patch augmentation. The revised surgery with patch augmentation was performed on October 15, 2020.

The operative reports for Mr. Odom's two surgeries are attached in Exhibit "I". You can review them for yourself.

I know you mentioned that Mr. Odom has had some prior injuries. He has indeed. Mr. Odom is almost fifty years old and it's my understanding that he had prior left carpal tunnel surgery, disc surgery on his cervical spine, right shoulder surgery, knee surgery and his gallbladder removed (Cholecystectomy). He was also stabbed after the wreck with your insured and after his surgeries. Apparetnly, he was stabbed when someone tried to rob him. I'm not real sure how the subsequent incident is related or could be used to diminish his claim for damages.

Please review Mr. Odom's records yourself. As you know, Mr. Odom was on the job when the wreck with your insured occurred. In my experience, worker's compensation doctors are some of the most skeptical physicians out there. Based on my review of Mr. Odom's records, Dr. Arnold relates these conditions to the on the job injury/wreck with your insured. Thus, I am quite certain that Dr. Arnold will testify that these injuries were caused by the wreck with your insured.

## DAMAGES

My client's retail medical bills total **$116,622.17**. Below you will find a breakdown of his medical specials.

| Provider: | Amount: |
|---|---|
| **Urgent Care Northwest, P.C.** | **$1,127.50** |
| **Premier Health Center, LLC** | **$484.00** |
| **Middle Creek** | **$545.00** |
| **Urgent Care South** | **$274.80** |
| **Honeycutt Chiropratic Clinic** | **$144.00** |
| **UAB Hospital** | **$1,526.00** |
| **UAHSF** | **$154.00** |
| **Alabama Orthopedic & Spine** | **$22,905.98** |
| **Outpatient Care Center** | **$74,270.39** |
| **Anesthesia Services of Birmingham** | **$4,440.00** |
| **Therapy South-Jasper** | **$9,805.50** |
| **Walker Medical Diagnostics** | **$945.00** |
| **TOTAL MEDICAL BILLS:** | **$116,622.17** |

My client was on the job when this wreck with your insured. As such, his worker's compensation carrier is asserting a subrogaton claim for **$110,284.34** for the payment of medical expenses and indemnity payments.

**<u>CONCLUSION</u>**

In light of the foregoing, my client has instructed me to make a demand of **$750,000.00** to settle his case without filing a lawsuit.

Please call me once you have had a chance to review these records and bills. I would appreciate a response within the next twenty-one (21) days. I look forward to your prompt response.

Very truly yours,

T. Brian Hoven

Direct Dial:   (205) 983-8139
Direct Fax:   (205) 983-8439
E-mail:        bhoven@asilpc.com

/TBH

Enclosures